UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

RECEIPT # _____
AMOUNT $ _____
SUMMONS ISSUED _____
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED _____
BY DPTY. CLK. _____
DATE _____ 12-8-04

|  |  |  |
|---|---|---|
| SRVM, INC., | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| INTERNATIONAL COMMODITY MANAGEMENT, INC., GLOBAL MARINE MANAGEMENT, INC., PACIFIC RIM CORPORATION and PACIFIC SUPREME SEAFOODS, LLC, | ) | CIVIL ACTION NO. |
| Defendants. | ) | |
| P & O NEDLLOYD, LTD., COLUMBIA COASTAL TRANSPORT, LLC., and MASSACHUSETTS PORT AUTHORITY, | ) | 04 cv 12575 NMG |
| Trustees. | ) | MAGISTRATE JUDGE _____ |

## NOTICE OF REMOVAL

**TO:** The Honorable Judges of the United States District Court for the District of Massachusetts:

1.    The Petitioners, Pacific Supreme Seafoods, LLC ("Pacific Supreme"), Trond Ringstad ("Ringstad") and Frank Nelson ("Nelson"), respectfully show, upon information and belief, that they are three of the defendants in the above-entitled civil action brought by the Plaintiff, SRVM, Inc. ("SRVM"), in the Barnstable Superior Court Department, Barnstable County, Massachusetts, Civil Action No. BACV 2004-00695 (the "Civil Action").

2.    On or about November 24, 2004, the Civil Action was commenced in the aforesaid Barnstable Superior Court Department, as shown in the Barnstable Superior Court's

Docket Sheet, a copy of which is attached hereto as **Exhibit A**. Petitioners have not yet been

served with process in the Civil Action in accordance with the Massachusetts Rules of Civil

Procedure. However, by correspondence dated December 4, 2004, **Exhibit B** hereto, from

Norman A. Peloquin, Esq., one of Plaintiff's attorneys, to Joseph D. Weinstein, Esq., Petitioners'

Seattle, Washington-based counsel, Petitioners received copies of the Verified Complaint and

related pleadings in the Civil Action, copies of which are attached hereto as follows:

> **Exhibit C**, Verified Complaint;
>
> **Exhibit D**, Notice of Entry of Appearance;
>
> **Exhibit E**, Ex Parte Motion for Attachment on Trustee Process;
>
> **Exhibit F,** Memorandum of Law in Support of Ex Parte Motion for
> Attachment on Trustee Process;
>
> **Exhibit G,** Affidavit in Support of Ex Parte Motion for Attachment on
> Trustee Process;
>
> **Exhibit H,** Ex Parte Motion for Appointment of Special Process Server;
>
> **Exhibit I,** Findings and Ex Parte Order of Approval of Attachment on Trustee
> Process;
>
> **Exhibit J**, Order Authorizing the Issuance of Process of Attachment on
> Trustee Process;
>
> **Exhibit K,** Order for Special Appointment of Process Server;
>
> **Exhibit L,** Summons to Trustee Columbia Coastal Transport, LLC;
>
> **Exhibit M,** Summons to Trustee Massachusetts Port Authority; and
>
> **Exhibit N,** Summons to Trustee P & O NedLloyd, Ltd.

3.      Upon information and belief, no further proceedings have been had in the Civil

Action, no other party has answered or appeared, and the time of Petitioners within which to file

a notice of removal has not expired.

4.   **Jurisdiction.** Based on the allegations contained in the Verified Complaint, the above-entitled action is a civil suit which may be removed to this Court by Petitioners pursuant to 28 U.S.C. §§ 1332(a) and 1441(a) on the basis of diversity of citizenship of the parties. More specifically, the plaintiff, SRVM, is a Massachusetts corporation. Complaint, ¶ 1. All of the named defendants, none of whom has appeared or answered as of this date, International Commodity Management, Inc. ("ICM"), Global Marine Management, Inc. ("Global"), Pacific Rim Corporation ("Pacific Rim"), Pacific Supreme, Boris Alkhazof ("Alkhazof"), Ringstad and Nelson, are either corporations or individuals domiciled in the State of Washington. Verified Complaint, ¶¶ 2-8. Thus, there is a complete diversity of citizenship (Massachusetts – Washington) of the parties for purposes of 28 U.S.C. § 1332(a). The amount of damages alleged by Plaintiff is "in no event less than $75,000." Verified Complaint, ¶¶ 52, 59 and 69. Diversity jurisdiction therefore exists pursuant to 28 U.S.C. § 1332(a), and this action is removable pursuant to 28 U.S.C. § 1441(a).

5.   **Non-Joinder of Defendants ICM, Global, Pacific Rim and Alkhazof.** The fact that defendants ICM, Global, Pacific Rim and Alkhazof have not joined in this Notice of Removal does not affect Petitioners' right to remove. Upon information and belief, ICM, Global, Pacific Rim and Alkhazof, all of whom are domiciled in the State of Washington, have not been served, nor has any of them appeared or answered in this action, and it is unknown whether they ever will. Nominal defendants or defendants named to prevent removal need not join in a notice of removal. *Farias v. Bexar County Bd. Of Trustees*, 925 F.2d 866, 871 (5th Cir. 1991); *Tri Cities Newspapers, Inc. v. Tri Cities P.P. & A. Local 349*, 427 F.2d 325, 327 (5th Cir. 1970); *Northern Illinois Gas Co. v. Airco Indus. Gases*, 676 F.2d 270, 272-273 (7th Cir. 1982). If a defendant has not been served, the removing party need not join that defendant in the removal.

*Great American Insurance Company v. K & R Transportation, Inc.,* 2004 U.S. Dist. LEXIS 8695

(N.D. Ill., 2004). Here, it is questionable, if not very doubtful, whether defendants ICM, Global,

Pacific Rim and Alkhazof will ever appear or defend themselves in this action because they have

no immediate stake in its outcome. It is Petitioner Pacific Supreme whose shipment was

attached on trustee process in the Civil Action, not any goods of ICM, Global, Pacific Rim or

Alkhazof, and therefore it is Pacific Supreme, not those defendants, who stands to suffer the

consequences of that attachment. In these circumstances, Petitioners may remove this action

without the participation of the other, nominal, very distant defendants.

   6. **Trustee Defendants Do Not Destroy Diversity Jurisdiction.** Plaintiff SRVM

has named three trustee defendants in this action:  P & O NedLloyd, Ltd. ("NedLloyd"), whose

business form, address, headquarters and domicile are not identified, <u>Verified Complaint</u>, ¶ 9;

Columbia Coastal Transport, LLC ("Columbia"), whose business form, address, headquarters

and domicile are not identified, <u>Verified Complaint</u>, ¶ 10; and the Massachusetts Port Authority

("Massport"), identified merely as a "body politic" operating a "freight terminal in South

Boston," whose address and headquarters also are not identified, <u>Verified Complaint</u>, ¶ 11. Even

assuming, but not admitting, that all three trustee defendants are "citizens" of Massachusetts, that

does not destroy the diversity jurisdiction conferred by 28 U.S.C. § 1332(a) in the circumstances

of this case.  That is because none of the trustee defendants is a real party in interest or has any

stake in the actual outcome of this lawsuit.  When reviewing the citizenship of the parties for

purposes of diversity jurisdiction under 28 U.S.C. § 1332(a), "courts will disregard the

citizenship of 'formal or nominal' parties." *Bath Iron Works Corporation v. Certain Member*

*Companies of the Institute of London Underwriters*, 870 F. Supp. 3, 5 (D. Maine 1994), citing

*Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 461, 64 L. Ed. 2d. 425, 100 S. Ct. 1779 (1980).

"Generally, therefore, courts look to the 'real parties in interest' to determine whose citizenship will be considered for the purposes of diversity. *Id. See also, Wilsey v. Eddingfield,* 780 F. 2d, 614, 615 (7th Cir. 1985) ("[T]he citizenship of the real party in interest in determinative in deciding whether the district court has diversity jurisdiction"). Here, none of the three trustee defendants is a real party in interest or has any stake in the outcome of this litigation. Hence, the citizenship of NedLloyd, Columbia and Massport should be disregarded for purposes of Petitioners' invocation of diversity jurisdiction in removing the Civil Action to this Court.

7.      Venue. Petitioners desire to remove this action to the District Court of the United States for the district in which the action is now pending, to wit, to the District of Massachusetts (Eastern Section). 28 U.S.C. § 1446(a).

8.      After the filing of this Notice of Removal of this action to the United States District Court for the District of Massachusetts, (a) written notice of the filing of this Notice will be given to the attorneys for the Plaintiff as provided by law, (b) a certified copy of this notice will be filed with the Clerk of the Barnstable Superior Court, Barnstable County, Massachusetts, and (c) certified copies of all pleading on file in said Barnstable Superior Court Department, Civil Action No. BACV 2004-00695 will be filed with this Court.

9.      Petitioners have good and sufficient defenses to the Plaintiff's claims in this action.

10.     No previous application for the relief sought herein has been made to this or any other Court.

WHEREFORE, Petitioners Pacific Supreme Seafoods, LLC, Trond Ringstad and Frank Nelson pray that this action be removed from the Barnstable Superior Court Department,

Barnstable County, Massachusetts to the United States District Court for the District of

Massachusetts.

                                        PACIFIC SUPEME SEAFOODS, LLC,
                                        TROND RINGSTAD and
                                        FRANK NELSON,

                                        By their attorneys,


December 8, 2004

                                        Bertram E. Snyder, BBO #471320
                                        Wesley S. Chused, BBO #083520
                                        Patrick O. McAleer, BBO #642627
                                        LOONEY & GROSSMAN LLP
                                        101 Arch Street
                                        Boston, MA 02110
                                        (617) 951-2800


## CERTIFICATE OF SERVICE

     I hereby certify that on December 8, 2004, I served a copy of the foregoing pleading upon all parties hereto electronically, via facsimile or by mailing copies thereof, via first-class mail, postage prepaid, properly addressed to:

               Philip N. Beauregard, Esq.
               32 William Street
               New Bedford, MA 02740

               Norman A. Peloquin, II, Esq.
               Morad Building
               460 County Street
               New Bedford, MA 02740-5107


                                        Wesley S. Chused

# EXHIBIT A

# Commonwealth of Massachusetts
## SUPERIOR COURT
## Case Summary
## Civil Docket

## SRVM Inc v International Commodity Management Inc et al

Details for Docket: BACV2004-00695

### Case Information

| | | | |
|---|---|---|---|
| **Docket Number:** | BACV2004-00695 | **Caption:** | SRVM Inc v International Commodity Management Inc et al |
| **Filing Date:** | 11/24/2004 | **Case Status:** | Needs review for service |
| **Status Date:** | 11/24/2004 | **Session:** | Civil A- Barnstable Superior Court |
| **Lead Case:** | NA | **Case Type:** | Complex |

### Tracking Deadlines

| | | | |
|---|---|---|---|
| **TRK:** | F | **Discovery:** | 09/20/2005 |
| **Service Date:** | 02/22/2005 | **Disposition:** | 04/19/2006 |
| **Rule 15:** | 04/23/2005 | **Rule 12/19/20:** | 04/23/2005 |
| **Final PTC:** | 03/19/2006 | **Rule 56:** | 12/20/2005 |
| **Answer Date:** | 04/23/2005 | **Jury Trial:** | YES |

### Case Information

| | | | |
|---|---|---|---|
| **Docket Number:** | BACV2004-00695 | **Caption:** | SRVM Inc v International Commodity Management Inc et al |
| **Filing Date:** | 11/24/2004 | **Case Status:** | Needs review for service |
| **Status Date:** | 11/24/2004 | **Session:** | Civil A- Barnstable Superior Court |
| **Lead Case:** | NA | **Case Type:** | Misc tort |

### Tracking Deadlines

| | | | |
|---|---|---|---|
| **TRK:** | F | **Discovery:** | 09/20/2005 |
| **Service Date:** | 02/22/2005 | **Disposition:** | 04/19/2006 |
| **Rule 15:** | 04/23/2005 | **Rule 12/19/20:** | 04/23/2005 |
| **Final PTC:** | 03/19/2006 | **Rule 56:** | 12/20/2005 |
| **Answer Date:** | 04/23/2005 | **Jury Trial:** | YES |

## Parties Involved

8 Parties Involved in Docket: BACV2004-00695

| **Party Involved:** | | **Role:** | Defendant |
|---|---|---|---|
| **Last Name:** | Alkhazof | **First Name:** | Boris |
| **Address:** | | **Address:** | |
| **City:** | | **State:** | WA |
| **Zip Code:** | | **Zip Ext:** | |
| **Telephone:** | | | |

| **Party Involved:** | | **Role:** | Defendant |
|---|---|---|---|
| **Last Name:** | Global Marine Management Inc | **First Name:** | |
| **Address:** | 1200 122th Avenue NE | **Address:** | #C220 |
| **City:** | Bellevue | **State:** | WA |
| **Zip Code:** | 98004 | **Zip Ext:** | |
| **Telephone:** | | | |

| **Party Involved:** | | **Role:** | Defendant |
|---|---|---|---|
| **Last Name:** | International Commodity Management Inc | **First Name:** | |
| **Address:** | 1200 112th Avenue Avenue NE | **Address:** | C#220 |
| **City:** | Bellevue | **State:** | WA |
| **Zip Code:** | 98004 | **Zip Ext:** | |
| **Telephone:** | | | |

| **Party Involved:** | | **Role:** | Defendant |
|---|---|---|---|
| **Last Name:** | Nelson | **First Name:** | Frank |
| **Address:** | | **Address:** | |
| **City:** | | **State:** | WA |
| **Zip Code:** | | **Zip Ext:** | |
| **Telephone:** | | | |

| **Party Involved:** | | **Role:** | Defendant |
|---|---|---|---|
| **Last Name:** | Pacific Rim Corporation | **First Name:** | |
| **Address:** | 1200 112th Avenue NE | **Address:** | #C220 |
| **City:** | Bellevue | **State:** | WA |
| **Zip Code:** | 98004 | **Zip Ext:** | |

**Telephone:**

| | | | |
|---|---|---|---|
| **Party Involved:** | | **Role:** | Defendant |
| **Last Name:** | Pacific Supreme Seafoods LLC | **First Name:** | |
| **Address:** | 1900 W Nickerson Street | **Address:** | Suite 203 |
| **City:** | Bainbridge Island | **State:** | WA |
| **Zip Code:** | 98110 | **Zip Ext:** | |
| **Telephone:** | | | |

| | | | |
|---|---|---|---|
| **Party Involved:** | | **Role:** | Defendant |
| **Last Name:** | Ringstad | **First Name:** | Trond |
| **Address:** | | **Address:** | |
| **City:** | | **State:** | WA |
| **Zip Code:** | | **Zip Ext:** | |
| **Telephone:** | | | |

| | | | |
|---|---|---|---|
| **Party Involved:** | | **Role:** | Plaintiff |
| **Last Name:** | SRVM Inc | **First Name:** | |
| **Address:** | PO Box 397 | **Address:** | |
| **City:** | Chatham | **State:** | MA |
| **Zip Code:** | 02633 | **Zip Ext:** | |
| **Telephone:** | | | |

## Attorneys Involved

1 Attorneys Involved for Docket: BACV2004-00695

| | | | |
|---|---|---|---|
| **Attorney Involved:** | | **Firm Name:** | |
| **Last Name:** | Peloquin II | **First Name:** | Norman A |
| **Address:** | 460 County Street | **Address:** | Morad Building |
| **City:** | New Bedford | **State:** | MA |
| **Zip Code:** | 02740 | **Zip Ext:** | 5107 |
| **Telephone:** | 508-991-2300 | **Tel Ext:** | |
| **Fascimile:** | 508-991-8300 | **Representing:** | SRVM Inc, (Plaintiff) |

## Calendar Events

No Calendar Events found for Docket: BACV2004-00695.

There are currently no calendar events associated with this case.

## Full Docket Entries

15 Docket Entries for Docket: BACV2004-00695

| Entry Date: | Paper No: | Docket Entry: |
| --- | --- | --- |
| 11/24/2004 | 1 | COMPLAINT with jury claim & civil action cover sheet filed |
| 11/24/2004 | | Origin 1, Type B99, Track F. |
| 11/24/2004 | 2 | APPEARANCE: Atty Norman A Peloquin II for plaintiff |
| 11/24/2004 | 3 | MOTION : Plaintiff's ex parte for attachment trustee process |
| 11/24/2004 | 4 | MEMORANDUM: Plaintiff of law in support of motion for trustee process |
| 11/24/2004 | 4 | attachment, (#3) |
| 11/24/2004 | 5 | AFFIDAVIT: Plaintiff's in support motion for trustee process |
| 11/24/2004 | 5 | attachment, (#3) |
| 11/24/2004 | 6 | MOTION: Plaintiff's for special appointment of process server |
| 11/24/2004 | 7 | ORDER for appointment of special process server, Quickserv, Inc. |
| 11/24/2004 | 7 | (Richard F. Connon, Justice) (copy to NAP) |
| 11/24/2004 | 8 | ORDER authorizing the issuance of process of attachment on trustee |
| 11/24/2004 | 8 | process (Richard F. Connon, Justice)(copy to NAP) |
| 11/24/2004 | 9 | FINDINGS and ORDER for Approval of Attachment on Trustee Process in |
| 11/24/2004 | 9 | the amount of $155,000.00. ( Richard F. Connon, Justice) |

# EXHIBIT B

LAW OFFICE OF

# NORMAN A. PELOQUIN, II, P.C.

A PROFESSIONAL CORPORATION

ATTORNEYS AND COUNSELLORS AT LAW

MORAD BUILDING, 460 COUNTY STREET
NEW BEDFORD, MASSACHUSETTS 02740-5107

NORMAN A. PELOQUIN, II†
MATTHEW A. LYONS ‡
†ADMITTED IN MA AND RI
‡ADMITTED IN MA, NY AND NJ

TELEPHONE: 508.991.2300
TELECOPIER: 508.991.8300
E-MAIL: peloquin@sealaw.net

December 4, 2004

**Via Facsimile (Total Pages: 15)**
**206-903-3891 and FedEx**
Davis Wright Tremaine LLP
1501 Fourth Ave., Suite 2600
Seattle, WA 98101-1688
Attn: Joseph D. Weinstein

Re:    **SRVM, Inc. v. International Commodity Management, Inc., *et al.*,**
**Barnstable County Superior Court, Civil Action No. BACcv2004-00695;**
**Your File No. Unknown; Our File No. 04-267.01**

Dear Sirs:

We write in furtherance to our telephone conversation yesterday evening. We represent plaintiff, SRVM, Inc. ("SRVM"), in the above-referenced action. We understand that you represent Pacific Supreme Seafoods, LLC ("PSS").

On November 24, 2004, SRVM commenced this action against PSS and others for damages in connection with the tortitous interference with plaintiff's contractual and business relations with certain Russian producers of scallops. To secure its claims, SRVM sought pre-judgment attachment on trustee process of PSS' goods pursuant to Massachusetts General Laws, c. 246, and Rule 4.2 of the Massachusetts Rules of Civil Procedure. After an *ex parte* hearing on November 24th, SRVM's request for attachment was approved in the amount of $155,000.00.

On December 2, 2004, SRVM caused a writ to be served upon the Massachusetts Port Authority ("Massport"), operator of Conley Terminal in South Boston, Massachusetts. Upon information and belief, Massport had goods of the said defendant in its possession, to wit: one (1) 40' high-cube refrigerated sea container (No. OOLU 602665-3) which is said to contain 1,600 cases of frozen scallop meats weighing 17,600 kgs.

RHODE ISLAND OFFICE:
16 MAIN ROAD. P.O. BOX 65
ADAMSVILLE, RHODE ISLAND 02801
TEL. 401.635.9100; FAX 401.635.010

**NORMAN A. PELOQUIN, II P.C.**

Davis Wright Tremaine LLP
December 4, 2004
Page 2


Pursuant to the provisions of Mass. R. Civ. P. 4.2 and 5, we are enclosing copies of the pleadings, orders and writs to date.  We will forward copies of process servers' returns upon receipt thereof.  In the meantime, we wish to inform you that pursuant to Rule 4.2(h), PSS is entitled to an evidentiary show cause hearing upon two (2) days' notice to plaintiff.  By so doing, PSS may specially appear without thereby submitting to the personal jurisdiction of the court.

If you have any questions, please feel free to contact the undersigned.

Very truly yours,

Norman A. Peloquin, II

NAP:jam
Enclosures :    Verified Complaint (By Fax)
                Pleadings, Orders & Writs (By FedEx)
cc:    Beauregard, Burke & Franco (w/o encls.)
       P.O. Box 952
       New Bedford, MA 02740
       Attn: Philip N. Beauregard

       SRVM, Inc. (w/o encls.)
       P.O. Box 397
       Chatham, MA 02633
       Attn: Thomas R. Reilly

# EXHIBIT C

)                              )

## COMMONWEALTH OF MASSACHUSETTS

BARNSTABLE, ss.                    DEPT. OF THE TRIAL COURT
                                   SUPERIOR COURT

---------------------------------------------------
SRVM, INC.,                      :
      Plaintiff,              :
                                 :
v.                               :
                                 :
 INTERNATIONAL COMMODITY        :      C.A. NO.
MANAGEMENT, INC., GLOBAL MARINE  :
MANAGEMENT, INC., PACIFIC RIM    :
CORPORATION, and PACIFIC SUPREME :
SEAFOODS, LLC,                   :
      Defendants.             :
---------------------------------------------------:
P & O NEDLLOYD, LTD., COLUMBIA   :
COASTAL TRANSPORT, LLC., and     :
MASSACHUSETTS PORT AUTHORITY,    :
      Trustees.               :
---------------------------------------------------:

## <u>VERIFIED COMPLAINT</u>

### NATURE OF THIS ACTION

        This is an action against certain defendants engaged in the seafood business for wrongful interference with contract and/or advantageous business relations and for civil conspiracy and use of unfair methods of competition in violation of Massachusetts General Laws, Chapter 93A. This action includes relief against defendants by way of trustee process applied to commodities owned by defendants in the possession and/or control of third parties.

LAW OFFICES OF
BEAUREGARD, BURKE
& FRANCO
32 WILLIAM STREET
NEW BEDFORD, MA 02740

1

## PARTIES

1.    SRVM, Inc. is a Massachusetts corporation, with principal place of business at P.O. Box 397, Chatham, MA 02633.

2.    International Commodity Management, Inc. is a State of Washington corporation, with its principal place of business at 1200 112th Avenue, NE #C-220, Bellevue, WA 98004.

3.    Global Marine Management, Inc. is a State of Washington corporation, with its principal place of business at 1200 112th Avenue, NE #C-220, Bellevue, WA 98004.

4.    Pacific Rim Corporation is a State of Washington corporation, with its principal place of business at 1200 112th Avenue, NE #C-220, Bellevue, WA 98004.

5.    Pacific Supreme Seafoods, LLC is a State of Washington limited liability company, with its principal place of business at 1900 W. Nickerson Street, # 203, Seattle, WA 98119.

6.    Boris Alkhazof is a resident of Washington.

7.    Trond Ringstad is a resident of Washington.

8.    Frank Nelson is a resident of Washington.

## THE TRUSTEE DEFENDANTS

9.    P & O Nedlloyd, Ltd., is a business involved in the common carriage of goods for hire, by water, and is in current possession or control of the product referred to below pursuant to contract of carriage and/or bill of lading.

10.    Columbia Coastal Transport, LLC., is a common carrier of goods for hire and jointly in possession or control of the produce referred to herein.

LAW OFFICES OF
BEAUREGARD, BURKE
& FRANCO
32 WILLIAM STREET
NEW BEDFORD, MA 02740

2

11.   The Massachusetts Port Authority is a body politic that operates the Paul W. Connolly Container freight terminal in South Boston where the product is or will be located. Said authority is also an agent for the other trustees.

## FACTS COMMON TO ALL COUNTS

12.   SRVM, Inc. is a Massachusetts company that buys, sells, and markets scallops around the world.

13.   SRVM buys most of its scallops from two Russian producers (hereinafter, the "Russian producers") through their agent in Korea (hereinafter, "the Agent").

14.   SRVM has historically had good business relations with the Russian producers. In every year from the mid-1990's to 2004, SRVM purchased large quantities of the Russian producers' scallops through their Agent, and then marketed and resold them around the world, deriving substantial profits from this business.

15.   Each year, SRVM entered into written agreements with the Russian producers for purchase of their scallops. Those agreements were executed by SRVM's President Thomas R. Reilly and by the Russian producers' respective designated representatives.

16.   By these agreements with the Russian producers, SRVM was able to purchase its scallops every year on terms favorable to it. As a result, SRVM was able to make long-term commitments for supply of scallops to its clients and develop advantageous long-term business relations with such clients.

LAW OFFICES OF
BEAUREGARD, BURKE
& FRANCO
32 WILLIAM STREET
NEW BEDFORD, MA 02740

3

17.    Until 2004, the Russian producers honored their contracts with SRVM. As a result, SRVM was able to perform its contacts with its clients, thereby developing significant good will and a favorable reputation with its clients.

18.    In 2004, SRVM entered into a written agreement with the Russian producers, through their Agent, for purchase of the Russian producers' entire scallop production for the year 2004, which at the time was estimated to be approximately 300 metric tons (MT), more or less. The 2004 arrangement and contract were to begin in January 2004 and continue beyond the first of the year 2005, which is standard practice in the scalloping industry.

19.    On the basis of its 2004 agreement with the Russian producers, SRVM entered into agreements with third party customers around the world, requiring SRVM to supply its clients in 2004 and the beginning of 2005.

20.    From January 2004 to present, the Russian producers have sold approximately 100 MT of scallops to SRVM under the parties' agreement, which has resulted in $ 100,000 profit to SRVM.

21.    In early September 2004, the Agent informed SRVM's President that one of the Russian producers had made a decision to not sell its remaining scallop production for 2004 to SRVM.

22.    Since then, the second Russian producer, the majority of which shares is owned by the same individuals who own the first producer, has made a similar decision to not sell its remaining scallop production for the year 2004 to SRVM.

23.    Scallops produced by the Russian producers comprise approximately 85 – 90 % of all scallops purchased by SRVM.

LAW OFFICES OF
BEAUREGARD, BURKE
& FRANCO
32 WILLIAM STREET
NEW BEDFORD, MA 02740

4

24. As a result of the Russian producers' unjustified repudiation of their contract, SRVM stands to lose 85 – 90 % of its projected scallops' supply for the remainder of this year; and it is now at risk of not being able to fulfill its obligations to its customers and defaulting on contracts with its clients.

25. The remaining scallop production by the Russian producers for the rest of 2004 is estimated at 250 MT – 300 MT. With the existing favorable market conditions, SRVM's estimated lost profits from being unable to resell the Russian producers' scallops to its clients are $ 400,000 – $ 500,000.

26. The most recent shipment of scallops by the Russian producers to Pusan, Korea, was made in September 2004. The Russian producers refused to sell their scallops to SRVM, and 56 MT of their scallops went into cold storage. On information and belief, those scallops are now in Pusan.

27. The next shipment of the Russian producers' scallops to Korea is expected by the end of October 2004. On information and belief, the quantity of scallops in the next shipment is 70 MT.

**The Facts On West Coast Parties' Interference**

28. On information and belief, the Russian producers repudiated their contract with SRVM in order to sell their scallops to another buyer in the United States: defendant Boris Alkhazof.

29. Boris Alkhazof owns several businesses in Bellevue, Washington, dealing in seafood products, including: International Commodity Management, Inc. (hereinafter, "ICM"), Global Marine Management, Inc. (hereinafter, "GMM"), and Pacific Rim

LAW OFFICES OF
BEAUREGARD, BURKE
& FRANCO
32 WILLIAM STREET
NEW BEDFORD, MA 02740

5

Corporation (herein-after, "PRC") (hereinafter collectively referred to as "Mr. Alkhazof's companies").

30.    Mr. Alkhazof has been involved in international seafood trade for over 16 years.  He knows the Russian producers and has had dealings with them in the past.

31.    Through earlier business dealings with the Russian producers, Mr. Alkhazof became indebted to the Russian producers and/or their owners in the amount of approximately $ 600,000, which monies he continues to owe.

32.    On information and belief, Mr. Alkhazof unlawfully contacted the Russian producers in the winter or spring of 2004, requesting that they sell their scallops to him through one or more of his companies.

33.    As an incentive to make this deal, Mr. Alkhazof promised the Russian producers to repay his $ 600,000 debt to them in incremental payments, connected to each shipment of the Russian producers' scallops, with the entire debt to be repaid by the end of 2005 if they sold their 2004 and 2005 scallop production to him.

34.    At the time he contacted the Russian producers, Mr. Alkhazof knew that the Russian producers had an exclusive agreement for their scallops with SRVM.

35.    The Russian producers have now repudiated their 2004 contract with SRVM.

36.    On information and belief, Mr. Alkhazof has contacted several seafood brokers for the purpose of reselling the Russian producers' scallops to them and has requested advance payments for the scallops, including defendants Trond Ringstad and Frank Nelson.

LAW OFFICES OF
BEAUREGARD, BURKE
& FRANCO
32 WILLIAM STREET
NEW BEDFORD, MA 02740

6

37.    Mr. Ringstad is the Vice-President for Sales in North America for a Norwegian / Chinese company Royal Supreme Seafood, which operates in the United States as defendant Pacific Supreme Seafoods, LLC.

38.    Mr. Nelson is a seafood broker, who works for Mr. Ringstad at Pacific Supreme.  Before his employment at Pacific Supreme, Mr. Nelson worked as a seafood broker with Mr. Alkhazof.

39.    On information and belief, Mr. Alkhazof contacted Mr. Nelson and Mr. Ringstad soon after negotiating his deal with the Russian producers and offered to sell their scallops to Pacific Supreme.

40.    At the time Mr. Alkhazof contacted them, both Mr. Nelson and Mr. Ringstad knew that the scallops offered by Mr. Alkhazof would come from the Russian producers which had an exclusive agreement for those scallops with SRVM.

41.    On information and belief, Mr. Nelson and Mr. Ringstad agreed to purchase the Russian producers' scallops from Mr. Alkhazof through Pacific Supreme.  They subsequently contacted several seafood companies in the United States for the purpose of making contracts to resell the scallops to them.

42.    On information and belief, the Russian producers' 56 MT of scallops stored in Pusan, Korea, have been sold to Mr. Alkhazof, who has since resold them to Pacific Supreme.  Those scallops are being prepared to be shipped within days.

43.    All named defendants maintain business contacts and do substantial business in the Commonwealth of Massachusetts.

44.    In the last few years, Mr. Alkhazof, acting through ICM, sold seafood products to Mr. Reilly in Massachusetts in the amount of several million U.S. dollars.

LAW OFFICES OF
BEAUREGARD, BURKE
& FRANCO
32 WILLIAM STREET
NEW BEDFORD, MA 02740

7

45.    Mr. Alkhazof and his companies also conduct business with other companies in Massachusetts.  Mr. Alkhazof has conducted business with Seatrade International Co., Inc., a New Hampshire company registered to do business in Massachusetts.  Mr. Alkhazof has also sold large quantities of fish to M.I.S.B., Inc., a Massachusetts corporation.

46.    On information and belief, Mr. Nelson and Mr. Ringstad recently contacted several Massachusetts seafood companies for the purpose of soliciting them to buy scallops from Pacific Supreme (the same scallops that they purchased from Mr. Alkhazof), including: Eastern Fisheries, Inc., Northern Wind, Inc., and Mar-Lees Seafood.

47.    All individual defendants have had a continuous presence at the annual Boston International Seafood Show, seeking new business connections in the industry.

## COUNT I

### WRONGFUL INTERFERENCE WITH ADVANTAGEOUS CONTRACTUAL RELATIONS

48.    Plaintiff repeats and realleges paragraphs 1 through 48 as if set forth herein.

49.    Plaintiff had an exclusive contract with the Russian producers for purchase of the Russian producers' entire scallop production for the year 2004.

50.    Defendants had knowledge that plaintiff had an exclusive agreement with the Russian producers.

51.    Defendants, with the improper motive of securing for themselves the fruits of advantageous contractual relations with the Russian producers, induced the Russian producers to break their contract with plaintiff.

8

52.   As a result of defendants' conduct, plaintiff has suffered and continues to suffer damages in an amount to be proven at trial, but in no event less than $ 75,000.

## COUNT II

### CIVIL CONSPIRACY TO WRONGFULLY INTERFERE WITH ADVANTAGEOUS CONTRACTUAL RELATIONS

53.   Plaintiff repeats and realleges paragraphs 1 through 53 as if set forth herein.

54.   Plaintiff had an exclusive contract with the Russian producers for purchase of the Russian producers' entire scallop production for the year 2004.

55.   Defendants had knowledge that plaintiff had an exclusive agreement with the Russian producers.

56.   Defendants engaged in a common plan to induce the Russian producers to break their exclusivity contract with plaintiff, in violation of their contractual duty to plaintiff.

57.   Defendants knew of the plan and its purpose of inducing the Russian producers to break their contract with plaintiff.

58.   Defendants took affirmative steps to encourage the achievement of the result of their common plan.

59.   As a result of defendants' conduct, plaintiff has suffered and continues to suffer damages in an amount to be proven at trial, but in no event less than $ 75,000.

## COUNT III

### UNFAIR METHODS OF COMPETITION IN VIOLATION OF MASSACHUSETTS GENERAL LAWS, CHAPTER 93A

60.    Plaintiff repeats and realleges paragraphs 1 through 60 as if set forth herein.

61.    Plaintiff had an exclusive contract with the Russian producers for purchase of the Russian producers' entire scallop production for the year 2004.

62.    Defendants had knowledge that plaintiff had an exclusive agreement with the Russian producers.

63.    Defendants engaged in a common plan to induce the Russian producers to break their exclusivity contract with plaintiff, with the improper motive of securing for themselves the fruits of advantageous contractual relations with the Russian producers.

64.    Defendants took affirmative steps to encourage the achievement of the result of their common plan.

65.    At all times relevant, plaintiff and defendants were engaged in conduct of trade or commerce.

66.    Defendants acted unfairly and/or deceptively in inducing the Russian producers to break their exclusivity agreement with plaintiff.

67.    Defendants' acts were willful and knowing.

68.    Defendants' acts constituted an unfair method of competition, in violation of M.G.L. c. 93A, §§ 2 and 11.

69.    Defendants' acts have caused and continue to cause plaintiff to suffer substantial financial damages in an amount to be proven at trial, but in no event less than $ 75,000.

LAW OFFICES OF
BEAUREGARD, BURKE
& FRANCO
32 WILLIAM STREET
NEW BEDFORD, MA 02740

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, plaintiff demands a trial by jury of all isues so triable.

**WHEREFORE,** Plaintiff requests the following relief:

1.    Judgment for SRVM, Inc. against defendants on all counts of this complaint;

2.    Compensatory and consequential damages on all counts;

3.    Multiple damages, pursuant to M.G.L. c. 93A;

4.    Litigation costs and attorney's fees;

5.    Interest; and

6.    Such other relief as the Court may deem just and proper.

7.    Remedies Related to Trustee Defendants:

### Trustee Process

WHEREFORE, plaintiff also prays that this Honorable Court adjudge as follows:

(i)    That process in due form of law according to the rules and practices of this Honorable Court issue against the defendants, citing it to appear and answer under oath to each and all of the matters aforesaid;

(ii)    That process in due form of law issue pursuant to the provisions of Chapter 246 of the Massachusetts General Laws and Mass. R. Civ. P. 4.2, and that all of defendants' property be attached by process of attachment on trustee process to the amount set forth in this Verified Complaint, together with interest, attorneys' fees and disbursements of plaintiff;

LAW OFFICES OF
BEAUREGARD, BURKE
& FRANCO
32 WILLIAM STREET
NEW BEDFORD, MA 02740

11

(iii)   That this Honorable Court enter an order, judgment, and decree in favor of plaintiff against the defendants for the amount of plaintiff's damages asserted herein, together with interest, costs, attorneys' fees and disbursements of plaintiff;

(iv)    That the property of the defendants be condemned and sold to pay the demands stated above, with interest, costs, attorneys' fees and disbursements of plaintiff; and

(v)     That plaintiff have such other relief as to this Honorable Court and justice may deem just, proper, and appropriate under the circumstances of these premises.

Respectfully Submitted,
Plaintiff, SRVM, INC.,
By Its Attorneys,
BEAUREGARD, BURKE & FRANCO

PHILIP N. BEAUREGARD, BBO # 034870
TIMOUR ZOUBAIDOULLINE, BBO # 656212
32 William Street, New Bedford, MA 02740
Tel. No.: 508-993-0333

NORMAN A. PELOQUIN, II, P.C.

NORMAN A. PELOQUIN, II, BBO# 550872
Morad Building, 460 County Street
New Bedford, MA 02740-5107
Tel. No.: 508 991-2300
Fax No.: 508 991-8300

Dated: November 24, 2004

12

## VERIFICATION OF COMPLAINT

SRVM, by Thomas Reilly, being duly sworn, hereby state and affirm as follows:

I have read the foregoing Complaint and I swear that all facts recited therein are true, of my own personal knowledge.   As to conclusions and statements made on information and belief, I believe that all such statements are true.

SIGNED, under the pains and penalties of perjury this 24th day of November, 2004.

_____

SRVM
By: Thomas Reilly, President/Owner

# EXHIBIT D

COMMONWEALTH OF MASSACHUSETTS

BARNSTABLE, ss.                                    DEPT. OF THE TRIAL COURT
                                                   SUPERIOR COURT

-------------------------------------------------------x
SRVM, INC.,                                    :
                        Plaintiff,             :
                                               :
v.                                             :          CIVIL ACTION NO.
                                               :
INTERNATIONAL COMMODITY                        :
MANAGEMENT, INC., GLOBAL MARINE               :
MANAGEMENT, INC.; PACIFIC RIM                  :
CORPORATION, and PACIFIC SUPREME              :
SEAFOODS, LLC,                                 :
                        Defendants.            :
-------------------------------------------------------- :
P & O NEDLLOYD, LTD,. COLUMBIA                 :
COASTAL TRANSPORT, LLC., and                   :
MASSACHUSETTS PORT AUTHORITY,                  :
                        Trustees.              :
-------------------------------------------------------x

### NOTICE OF ENTRY OF APPEARANCE

TO THE CLERK OF THE ABOVE-CAPTIONED COURT:

Please enter the appearance of the undersigned as counsel for plaintiff, SRVM,

Inc., in the above-captioned action.

Dated: November 24, 2004                 Respectfully submitted,
                                         SRVM, INC.
                                         By its attorneys,

                                         NORMAN A. PELOQUIN, II P.C.

                          By:            _____
                                         Norman A. Peloquin, II
                                         (BBO No.550872)
                                         Morad Building, 460 County Street
                                         New Bedford, MA 02740-5107
                                         Tel. 508-991-2300
                                         Fax 508-991-8300

LAW OFFICES OF
BEAUREGARD, BURKE
& FRANCO
32 WILLIAM STREET
NEW BEDFORD, MA 02740

# EXHIBIT E

COMMONWEALTH OF MASSACHUSETTS

BARNSTABLE, ss.

DEPT. OF THE TRIAL COURT
SUPERIOR COURT

```
--------------------------------------------------------x
SRVM, INC.,                                   :
                            Plaintiff,        :
                                              :
v.                                            :        CIVIL ACTION NO.
                                              :
INTERNATIONAL COMMODITY                       :
MANAGEMENT, INC., GLOBAL MARINE               :
MANAGEMENT, INC.; PACIFIC RIM                 :
CORPORATION, and PACIFIC SUPREME              :
SEAFOODS, LLC,                                :
                            Defendants.       :
-------------------------------------------------------- :
P & O NEDLLOYD, LTD., COLUMBIA                :
COASTAL TRANSPORT, LLC., and                  :
MASSACHUSETTS PORT AUTHORITY,                 :
                            Trustees.         :
--------------------------------------------------------x
```

## EX PARTE MOTION FOR ATTACHMENT ON TRUSTEE PROCESS

NOW COMES plaintiff, SRVM, Inc., by and through its attorneys, and

pursuant to the provisions of Chapter 246 of the Massachusetts General Laws and Rule

4.2 of the Massachusetts Rules of Civil Procedure,  hereby moves this Honorable

Court, *ex parte,* for an order authorizing the issuance of process of attachment on

trustee process in the amount of $155,000.00 of the goods, effects or credits owned by

defendants, International Commodity Management, Inc., Global Marine Management,

Inc., Pacific Rim Corporation, and/or Pacific Supreme Seafoods, LLC, in the hands or

possession of the trustees, P & O Nedlloyd, Ltd., and/or its agents, Columbia Coastal

Transport, LLC  and Massachusetts Port Authority.

As grounds therefor, plaintiff states the following reasons:

LAW OFFICES OF
BEAUREGARD, BURKE
& FRANCO
32 WILLIAM STREET
NEW BEDFORD, MA 02740

1.  Plaintiff has filed, together with this *ex parte* motion, the Verified

    Complaintwhich includes claims against the said defendants with a prayer for

    process to attach defendants' property.

2.  Upon information and belief, defendants are Washington state business entities

    that are not registered as foreign corporations with the Secretary of State of the

    Commonwealth of Massachusetts.  Upon information and belief, the said

    defendant do not have offices within Massachusetts; however, at least one of

    the defendants has property within this state, to wit, a certain quantity of

    palletized frozen scallops (56 metric tons), formerly laden on board the ocean

    carrier PROVIDENCE BAY and now within the possession of the trustees, P

    & O Nedlloyd, Ltd., and/or its agents Columbia Coastal Transport, LLC  and

    Massachusetts Port Authority at the Paul W. Conley Container Terminal in

    South Boston.

3.  Based upon the allegations contained in the Verified Complaintand

    accompanying affidavit of Thomas R. Reilly, there is a reasonable likelihood

    that plaintiff will recover judgment against the said defendants, including

    interest and costs, in an amount equal to or greater than the amount of the

    requested attachment on trustee process over and above any liability insurance

    known or reasonably believed to be available to satisfy the judgment.

4.  Based upon the allegations contained in the Verified Complaintand

    accompanying affidavit of Thomas R. Reilly, one or more of the said

LAW OFFICES OF
BEAUREGARD, BURKE
& FRANCO
32 WILLIAM STREET
NEW BEDFORD, MA 02740

-2-

defendants may not be subject to the personal jurisdiction of this Court, and/or there is a clear danger that one or more of the said defendants, if notified in advance of the attachment on trustee process, will withdraw the goods, effects or credits from the hands and possession of the trustees and remove them from the state, or otherwise conceal them, or will dissipate, damage or destroy them.

5.   By reason of the foregoing, plaintiff respectfully submits that it has satisfied the requirements for the issuance of process of attachment on trustee process, and is therefore entitled to an order approving the motion and directing the Clerk of the Court to issue the said process of attachment.

WHEREFORE, plaintiff, SRVM, Inc., respectfully requests that the relief prayed for herein be granted, and an order enter directing the Clerk of this Court to issue process for the attachment on trustee process in the amount of $155,000 of the goods, effects or credits owned by defendants, International Commodity Management, Inc., Global Marine Management, Inc., Pacific Rim Corporation, and/or Pacific Supreme Seafoods, LLC, in the hands or possession of the trustees, P & O Nedlloyd, Ltd., and/or its agents Columbia Coastal Transport, LLC  and Massachusetts Port Authority, to secure any judgment or decree plaintiff may obtain in this action, together with interest and costs.

Plaintiff submits a proposed order and writ of process of attachment on trustee process for the Court's consideration.

LAW OFFICES OF
BEAUREGARD, BURKE
& FRANCO
32 WILLIAM STREET
NEW BEDFORD, MA 02740

-3-

Dated: November 24, 2004

Respectfully submitted,

SRVM, INC.
By its attorneys,

BEAUREGARD, BURKE & FRANCO

By:

Philip N. Beauregard (BBO No. 034870)
Timor Zoubaidoulline (BBO No.656212)
32 William Street
New Bedford, MA 02740
Tel.  508-993-0333
Fax  508-990-2002

- and -

NORMAN A. PELOQUIN, II P.C.

By:

Norman A. Peloquin, II
(BBO No. 550872)
Morad Building, 460 County Street
New Bedford, MA 02740-5107
Tel. 508-991-2300
Fax 508-991-8300

-4-

# EXHIBIT F

COMMONWEALTH OF MASSACHUSETTS

BARNSTABLE, ss.                                    DEPT. OF THE TRIAL COURT
                                                  SUPERIOR COURT

```
------------------------------------------------------------x
SRVM, INC.,                                 :
                        Plaintiff,          :
                                            :
v.                                          :       CIVIL ACTION NO.
                                            :
INTERNATIONAL COMMODITY                     :
MANAGEMENT, INC., GLOBAL MARINE             :
MANAGEMENT, INC.; PACIFIC RIM               :
CORPORATION, and PACIFIC SUPREME            :
SEAFOODS, LLC,                              :
                        Defendants.         :
------------------------------------------------------------:
P & O NEDLLOYD, LTD., COLUMBIA              :
COASTAL TRANSPORT, LLC., and                :
MASSACHUSETTS PORT AUTHORITY,               :
                        Trustees.           :
------------------------------------------------------------x
```

**MEMORANDUM OF LAW IN SUPPORT OF**
**EX PARTE MOTION FOR ATTACHMENT ON TRUSTEE PROCESS**

NOW COMES plaintiff, SRVM, Inc. (hereinafter referred to as "SRVM"), and

by and through its attorneys, hereby submits this memorandum of law in further

support of its *ex parte* request for an order authorizing the issuance of process of

attachment on trustee process of the goods, effects or credits owned by defendants,

International Commodity Management, Inc. (hereinafter referred to as "ICM"), Global

Marine Management, Inc. (hereinafter referred to as "GMM"), Pacific Rim

Corporation (hereinafter referred to as "PRC"), and/or Pacific Supreme Seafoods, LLC

(hereinafter referred to as "PSS"), in the hands or possession of one of the trustees,

P&O Nedlloyd, Ltd., and/or its agents, Columbia Coastal Transport, LLC or

Massachusetts Port Authority, to the amount requested herein.

LAW OFFICES OF
BEAUREGARD, BURKE
& FRANCO
32 WILLIAM STREET
NEW BEDFORD, MA 02740

I.      Statement of the Facts/Procedural Posture of the Case

On November 24, 2004, SRVM commenced the above-captioned action

against defendants by filing the Complaint herein.  Plaintiff alleges, in pertinent part,

tort claims for interference with contractual and/or advantageous relationships with

SRVM's suppliers.  Plaintiff seeks damages against defendants for lost profits together

with interest and costs.

To secure the money judgment that SRVM expects to obtain against

defendants, plaintiff requests the issuance of a writ of attachment on trustee process

against defendants' property pursuant to the provisions of Chapter 246 of the

Massachusetts General Laws and Rule 4.2 of the Massachusetts Rules of Civil

Procedure.  Upon information and belief, at least one of the defendants, Pacific

Supreme Seafoods, LLC, has property within the state, to wit, a certain quantity of

palletized frozen scallops (56 metric tons), formerly laden on board the ocean carrier

PROVIDENCE BAY, and is now, or will be, within the possession of one or more of

the trustees at the Paul W. Conley Container Terminal in South Boston.  Had plaintiff

purchased this quantity of scallops under its contract at issue in this matter, it would

have realized a net profit of $155,000, as nearly as can now be estimated, based upon

the market value of the scallops.

II.     Legal Standard

Attachment on trustee process is a prejudgment remedy available to a litigant

suing for money damages and used to encumber a defendant's property during the

pendency of a lawsuit to secure any potential judgment.  The procedure for attachment

on trustee process is governed by Chapter 246 of the Massachusetts General Laws and

LAW OFFICES OF
BEAUREGARD, BURKE
& FRANCO
32 WILLIAM STREET
NEW BEDFORD, MA 02740

-2-

Rule 4.2 of the Massachusetts Rules of Civil Procedure.

The provisions of Chapter 246 of the General Laws authorizes the prejudgment attachment on trustee process of a defendant's property. M.G.L. c. 246, §1. Section 20 provides as follows:

> **§20. Effect of attachment.** The goods, effects or credits of the defendant intrusted to, or deposited in the hands or possession of, a person summoned as his trustee shall, except as hereinafter provided, be attached and held to respond to the final judgment, as if they had been attached upon an original writ of attachment; ....

M.G.L. c. 246, §20. Rule 4.2 of the Massachusetts Rules of Civil Procedure codifies the procedural rules of state-law attachment on trustee process. Rule 4.2(a) provides, in pertinent part, as follows:

> **(a) Availability of Trustee Process.** Subsequent to the commencement of any personal action under these rules, ... trustee process may be used, in the manner and to the extent provided by law, but subject to the requirements of this rule, to secure satisfaction of the judgment for damages and costs which the plaintiff may recover, ....

Mass. R. Civ. P. 4.2(a). Thus, an action in which attachment of property is sought through trustee process may be commenced by filing a complaint and motion for approval of the attachment on trustee process. Mass. R. Civ. P. 4.2(c). The motion must be supported by affidavit(s). *Id.* Except as provided in subdivision (g) of Rule 4.2, the motion and affidavit, with notice of hearing thereon, shall be served upon defendant in the manner provided by Rule 4, at the same time the summons and complaint are served. *Id.*

The conditions for issuance of a trustee summons are set forth in Rule 4.2(c) as follows:

-3-

**(c) Same: Service.**

\*       \*       \*

No trustee summons may be served unless attachment on trustee process for a specified amount has ed unless such attachment for a specified amount has been  approved by order of the court.  Except as provided in subdivision (g) of this rule [*ex parte* hearing], the order of approval may be entered only after notice to the defendant and hearing and *upon a finding by the court that there is a reasonable likelihood that the plaintiff will recover judgment, including interest and costs, in an amount equal to or greater than the amount of the trustee process over and above any liability insurance shown by the defendant to be available to satisfy the judgment.*

Mass. R. Civ. P. 4.2(c) (*Emphasis added.*).  In addition to the above, an order

approving trustee process may be entered *ex parte* upon further findings by the court

that "either (i) the person of the defendant is not subject to the [personal] jurisdiction

of the court in the action, or (ii) there is a clear danger that the defendant if notified in

advance of the attachment on trustee process will withdraw the goods or credits from

the hands and possession of the trustee and remove them from the state or will conceal

them, or (iii) there is immediate danger that the defendant will dissipate the credits, or

damage or destroy the goods to be attached on trustee process."  Mass. R. Civ. P.

4.2(g).

III.    Legal Argument

Because there is no evidence of liability insurance, the central question on

SRVM's request for attachment on trustee process is whether plaintiff, as the moving

party, has satisfied the burden of proving that "there is a reasonable likelihood that the

plaintiff will recover judgment, including interest and costs, in an amount equal to or

greater than the amount of the trustee process over and above any liability insurance

-4-

shown by the defendant to be available to satisfy the judgment." Mass. R. Civ. P.

4.2(c). Although the Supreme Judicial Court of Massachusetts has not yet had an

occasion to interpret the phrase "reasonable likelihood," the United States District

Court, Garrity, J., has opined that "the central question on the motion for approval of

attachment [under Mass. R. Civ. P. 4.1] is whether plaintiffs are likely to prevail on

the merits and obtain damages in the necessary amount." Anderson Foreign Motors,

Inc. v. New England Toyota Distributors, Inc., 475 F. Supp. 973, 978 (D. Mass. 1979).

In the case at bar, it is undisputed that SRVM entered into a supply contract

with its Russian producers to purchase a minimum quantity of 300 metric tons of

frozen scallop meat through the end of calendar year 2004. It is also uncontroverted

that SRVM has only purchased approximately 100 metric tons to date. From

correspondence and personal conversations between Mr. Reilly of SRVM and

defendants' principal officers, Messrs. Alkhazof and Ringstad, it is clear that

defendants knew of the existence of plaintiff's supply contract when they agreed to

enter into their respective sales transactions. Because the scallops purchased from the

Russian producers comprise approximately 85-90% of all scallops purchased by

SRVM this year, defendants' interference with SRVM's supply contract preclude

plaintiff's re-sale of the product with the requisite lost profits. SRVM has therefore

demonstrated a probability of success on the merits and a reasonable likelihood of

recovering a judgment against defendants.

With respect to amount of the attachment on trustee process, there is no statutory guidance within Chapter 246. Section 42A of Chapter 223, which deals with attachment practice under Mass. R. Civ. P. 4.1, protects a defendant by limiting the attachment to "the amount of the claim and such additional amount as is reasonably necessary to include interest thereon and costs likely to be taxed in the action." M.G.L. c. 223, §42A.

In the instant case, the underlying claim for interference is based upon plaintiff's claim of lost profits. As set forth in the Affidavit of Mr. Reilly, SRVM will incur damages estimated at $400,000 - $500,000. SRVM is unaware of the existence of an off-setting counterclaim or affirmative defense which defendants may rely upon to defeat plaintiff's request for security. Upon information and belief, there is no liability insurance that is available to satisfy SRVM's claim. Plaintiff's tort claims are not exempt under M.G.L. c. 246, §1, and plaintiff has otherwise complied with the statutory bonding requirement. *Id.*

IV.   Conclusion

Based upon the foregoing, SRVM has satisfied the requirements of Chapter 246 of the Massachusetts General Laws and Rule 4.2 of the Massachusetts Rules of Civil Procedure, and is therefore entitled to the attachment on trustee process of defendant's property in the requested amount of One Hundred Fifty-five Thousand and 00/100 Dollars ($155,000).

-6-

Dated: November 24, 2004     Respectfully submitted,

SRVM, INC.
By its attorneys,

BEAUREGARD, BURKE & FRANCO

By:           

Philip N. Beauregard (BBO No. 034870)
Timor Zoubaidoulline (BBO No.656212)
32 William Street
New Bedford, MA 02740
Tel.  508-993-0333
Fax  508-990-2002
       - and -

NORMAN A. PELOQUIN, II P.C.

By:           

Norman A. Peloquin, II
(BBO No. 550872)
Morad Building, 460 County Street
New Bedford, MA 02740-5107
Tel. 508-991-2300
Fax 508-991-8300

# EXHIBIT G

COMMONWEALTH OF MASSACHUSETTS

BARNSTABLE, ss.                                    DEPT. OF THE TRIAL COURT
                                                   SUPERIOR COURT

-------------------------------------------------------------x
SRVM, INC.,                                        :
                         Plaintiff,                :
                                                   :
v.                                                 :          CIVIL ACTION NO.
                                                   :
INTERNATIONAL COMMODITY                            :
MANAGEMENT, INC., GLOBAL MARINE                    :
MANAGEMENT, INC.; PACIFIC RIM                      :
CORPORATION, and PACIFIC SUPREME                   :
SEAFOODS, LLC,                                     :
                         Defendants.               :
-------------------------------------------------------------:
P & O NEDLLOYD, LTD., COLUMBIA                      :
COASTAL TRANSPORT, LLC., and                       :
MASSACHUSETTS PORT AUTHORITY,                       :
                         Trustees.                  :
-------------------------------------------------------------x

### AFFIDAVIT IN SUPPORT OF EX PARTE MOTION
### FOR ATTACHMENT ON TRUSTEE PROCESS

Thomas R. Reilly certifies under penalty of perjury as follows:

1.    I am Thomas R. Reilly, President of SRVM, Inc., plaintiff in the above-

      captioned action (hereinafter referred to as "SRVM").

2.    I have read the foregoing *Ex Parte* Motion for Attachment on Trustee Process,

      and know the contents thereof, and the same are true to my knowledge, except

      as to those matters stated to be alleged upon information and belief, and as to

      those matters, I believe them to be true. The source of my information are the

      business records and documents of plaintiff, as well as my own involvement

      and efforts described herein.

LAW OFFICES OF
BEAUREGARD, BURKE
& FRANCO
32 WILLIAM STREET
NEW BEDFORD, MA 02740

3.  SRVM is a Massachusetts company that buys, sells and markets scallops worldwide.

4.  In 2004, SRVM entered into a supply contract with certain Russian producers by and through their agent, Dong Hwa Frozen Foods Co., Ltd. of Gangwon-Do, Korea (hereinafter referred to as "Agent"), whereby plaintiff agreed to purchase 300 metric tons of frozen Russian scallop meat (hereinafter referred to as "Product") through the end of calendar year 2004.  A true copy of the parties' written agreement is attached hereto and marked as "Exhibit A" (hereinafter referred to as "Agreement").

5.  Pursuant to the said Agreement, if the total quantity of the Product exceeded 300 metric tons, then SRVM had a first right of refusal to purchase those scallops at prices set forth in the contract.

6.  In reliance upon the said Agreement, SRVM entered into various contracts with third party customers.

7.  To date, SRVM has purchased a total quantity of approximately 100 metric tons of Product.

8.  Mr. Boris Alkhazof, who owns several businesses in Bellevue, Washington, including defendants, International Commodity Management, Inc. (hereinafter referred to as "ICM"), Global Marine Management, Inc. (hereinafter referred to as "GMM"), and Pacific Rim Corporation (hereinafter referred to as "PRC"), told me that he contacted SRVM's Russian suppliers sometime in the Spring of

2004 and requested that they sell their scallops to him through one or more of his companies.

9.     Upon information and belief, Mr. Alkhazof knew of the existence of SRVM's supply contract with the Russian producers.

10.    In September of 2004, the Korean Agent informed me that the Russian producers had made a decision to breach their Agreement by not selling the balance of their scallop production for calendar year 2004 to SRVM.

11.    Upon information and belief, the Russian producers, by and through their Korean Agent, have now sold at least 56 metric tons of scallops to one of the defendants, ICM, GMM or PRC.

12.    Upon information and belief, ICM, GMM and PRC are corporations organized and existing under the laws of State of Washington, with principal places of business located in Bellevue, Washington. None of these corporations are registered as foreign corporation with the Secretary of State for the Commonwealth of Massachusetts.

13.    Upon information and belief, ICM, GMM or PRC has re-sold this product to defendant, Pacific Supreme Seafoods, LLC (hereinafter referred to as "PSS"), a Washington corporation with its principal place of business located in the Seattle, Washington area. PSS is not registered as foreign corporation with the Massachusetts Secretary of State's office.

LAW OFFICES OF
BEAUREGARD, BURKE
& FRANCO
32 WILLIAM STREET
NEW BEDFORD, MA 02740

-3-

14.    The said defendants have knowledge of SRVM's existing supply contract with the said Russian producers. Specifically, I traveled to Washington and met with Mr. Alkhazof, and the principal of PSS, Mr. Trond Ringstad, on October 29, 2004, at which time I discussed, among other things, the existence and terms of SRVM's supply contract.

15.    Notwithstanding my conversations with Messrs. Alkhazof and Ringstad, the said defendants have interfered with SRVM's supply contract by buying the 56 metric tons of scallops, 17 metric tons of which are currently enroute by ocean carrier from the Port of Busan, Korea to Boston, Massachusetts.

16.    Upon information and belief, defendant PSS has attempted to re-sell the scallops directly to several local firms.

17.    Upon information and belief, the quantity of the remaining scallop production from SRVM's Russian producers this year is between 250-300 metric tons.

18.    Upon information and belief, the said defendants have also interfered with SRVM's supply contract by agreeing to buy an additional 70 metric tons of scallops from plaintiff's Russian producers.

19.    The scallops purchased from the Russian producers under the Agreement comprise approximately 85-90% of all scallops purchased by SRVM this year. As a result of the defendants' interference with SRVM's supply contract, plaintiff will lose profits of $400,000-500,000.00 this year, as nearly as can now be estimated, by its inability to re-sell product to its customers.

20.    Based upon the market value of the scallops, SRVM will to lose a net profit of $155,000, as nearly as can now be estimated, on the 56 metric tons.

LAW OFFICES OF
BEAUREGARD, BURKE
& FRANCO
32 WILLIAM STREET
NEW BEDFORD, MA 02740

-4-

21.    I neither know of, nor have reason to believe of, the existence of any liability

insurance that will be available to satisfy any judgment which may enter

against defendants in this action.

I certify under the penalty of perjury that the foregoing is true and correct on

this 24th day of November, 2004.

Thomas R. Reilly, President
SRVM, Inc.
845 Sandwich Road
Sagamore, MA 02561

# EXHIBIT H

## COMMONWEALTH OF MASSACHUSETTS

BARNSTABLE, ss.                          DEPT. OF THE TRIAL COURT
                                         SUPERIOR COURT

------------------------------------------------------------x
SRVM, INC.,                              :
                        Plaintiff,       :
                                         :
                                         :
v.                                       :        CIVIL ACTION NO.
                                         :
INTERNATIONAL COMMODITY                  :
MANAGEMENT, INC., GLOBAL MARINE          :
MANAGEMENT, INC.; PACIFIC RIM            :
CORPORATION, and PACIFIC SUPREME         :
SEAFOODS, LLC,                           :
                        Defendants.      :
------------------------------------------------------------ :
P & O NEDLLOYD, LTD,. COLUMBIA           :
COASTAL TRANSPORT, LLC., and             :
MASSACHUSETTS PORT AUTHORITY,            :
                        Trustees.        :
------------------------------------------------------------x

### EX PARTE MOTION FOR SPECIAL
### APPOINTMENT OF PROCESS SERVER

NOW COMES plaintiff, SRVM, Inc., by and through its attorneys, and

pursuant to the provisions of Rule 4(c) of the Massachusetts Rules of Civil Procedure,

hereby moves this Honorable Court, *ex parte,* for an order appointing QUICKSERV,

INC. of Quincy, Massachusetts to serve process in this action.

As grounds therefor, plaintiff states that the proposed process server has no

interest in this action and that prompt service of process in this action will be

facilitated by such appointment.

LAW OFFICES OF
BEAUREGARD, BURKE
& FRANCO
32 WILLIAM STREET
NEW BEDFORD, MA 02740

WHEREFORE, plaintiff, SRVM, Inc., respectfully requests that this Honorable Court appoint QUICKSERV, INC. to serve process in this action.

Plaintiff attaches a proposed order for the Court's consideration.

Dated: November 24, 2004                    Respectfully submitted,

                                            SRVM, INC.
                                            By its attorneys,

                                            BEAUREGARD, BURKE & FRANCO

By:

                                            Philip N. Beauregard (BBO No. 034870)
                                            Timor Zoubaidoulline (BBO No. 656212)
                                            32 William Street
                                            New Bedford, MA 02740
                                            Tel.  508-993-0333
                                            Fax  508-990-2002

                                                 - and -

                                            NORMAN A. PELOQUIN, II P.C.

By:

                                            Norman A. Peloquin, II
                                            (BBO No. 50872)
                                            Morad Building, 460 County Street
                                            New Bedford, MA 02740-5107
                                            Tel. 508-991-2300
                                            Fax 508-991-8300

# EXHIBIT I

# Commonwealth of Massachusetts

BARNSTABLE, ss.

SUPERIOR COURT

No. 04-695

SRVM, INC.

vs.

INTERNATIONAL COMMODITY MANAGEMENT, INC.
et al

## FINDINGS AND EX PARTE ORDER OF APPROVAL OF ATTACHMENT ON TRUSTEE PROCESS

This cause came on to be heard upon an ex parte motion for an order of approval of attachment on trustee process, and thereupon, upon consideration thereof, the Court hereby finds that:

1. There is a reasonable likelihood that the plaintiff will recover judgment, including interest and costs, in an amount equal to or greater than the amount of the trustee process over and above any liability insurance known or reasonably believed to be available, and that either

2. The person of the defendant is not subject to the jurisdiction of the court in the action,* or

3. There is a clear danger that the defendant that the defendant if notified in advance of the attachment on trustee process will withdraw the goods, effects or credits from the hands and possession of the trustee and remove them from the Commonwealth or will conceal them,* or

4. There is immediate danger that the defendant will dissipate the credits, or damage or destroy the goods or effects to be attached on trustee process.*

Therefore, the court hereby approves attachment on trustee process in the amount of

$ 155,000   One hundred fifty-five thousand dollars————00/100
subject to all applicable exemptions and limitations provided by law

Entered: **November 24, 2004**

Justice of the Superior Court

Note: * Strike out findings not applicable.

A true copy, Attest:

1st Ass't   Clerk

# EXHIBIT J

# COMMONWEALTH OF MASSACHUSETTS

BARNSTABLE, ss.                                    DEPT. OF THE TRIAL COURT
                                                   SUPERIOR COURT

```
---------------------------------------------------------x
SRVM, INC.,                              :
                        Plaintiff,       :
                                         :
v.                                       :         CIVIL ACTION NO. 04-695
                                         :
INTERNATIONAL COMMODITY                  :
MANAGEMENT, INC., GLOBAL MARINE          :
MANAGEMENT, INC.; PACIFIC RIM            :
CORPORATION, and PACIFIC SUPREME         :
SEAFOODS, LLC,                           :
                        Defendants.      :
---------------------------------------------------------:
P & O NEDLLOYD, LTD,. COLUMBIA           :
COASTAL TRANSPORT, LLC., and             :
MASSACHUSETTS PORT AUTHORITY             :
                        Garnishees.      :
---------------------------------------------------------x
```

## ORDER AUTHORIZING THE ISSUANCE
## OF PROCESS OF ATTACHMENT ON TRUSTEE PROCESS

This Court, having reviewed the Verified Complaint and supporting papers filed by

plaintiff, SRVM, Inc., in the above-captioned action, has determined hat the conditions for

attachment on trustee process of defendant's property exist pursuant to Chapter 246 of the

Massachusetts General Laws and Rule 4.2 of the Massachusetts Rules of Civil Procedure.

Accordingly, it is hereby,

ORDERED, that the Clerk of Court shall issue forthwith process for attachment on

trustee process for the attachment of the goods, effects or credits owned by defendants,

International Commodity Management, Inc., Global Marine Management, Inc., Pacific Rim

Corporation, and/or Pacific Supreme Seafoods, LLC, in the hands or possession of the trustees,

P & O Nedlloyd, Ltd., and/or its agents, Columbia Coastal Transport, LLC and Massachusetts

Port Authority, directing the Sheriff of any county in the Commonwealth, or any other person

duly authorized by law, to proceed with all deliberate speed and attach the said property located

in the Commonwealth of Massachusetts, to the value of One Hundred Fifty-Five Thousand and

00/100 Dollars ($155,000), the amount authorized herein; and it is further

ORDERED, that any person claiming an interest in said property attached pursuant to this

Order shall, upon application to this Court and notice to plaintiff or its attorney, be entitled to a

prompt hearing at which time plaintiff shall be required to show why the attachment on trustee

process should not be vacated or other relief granted; and it is further

ORDERED, that, a copy of this Order be attached and served with said process of

attachment on trustee process; and it is further

ORDERED, that, pursuant to Rule 4(c) of the Massachusetts Rules of Civil Procedure,

the said process of attachment may be served by any person who is not a party and who is at least

18 years of age.

Dated at Barnstable, Massachusetts, this 24th day of November, 2004.

_____
Connon        , J.

A true copy, Attest:
1st Ass't       Clerk

-2-

# EXHIBIT K

## COMMONWEALTH OF MASSACHUSETTS

BARNSTABLE, ss.

DEPT. OF THE TRIAL COURT
SUPERIOR COURT

----------------------------------------------------------x

SRVM, INC.,
                                        Plaintiff,          :

                                                           :

v.                                                         :       CIVIL ACTION NO. 04-645

                                                           :

INTERNATIONAL COMMODITY                                    :
MANAGEMENT, INC., GLOBAL MARINE                            :
MANAGEMENT, INC.; PACIFIC RIM                              :
CORPORATION, and PACIFIC SUPREME                           :
SEAFOODS, LLC,                                             :
                                        Defendants.        :

----------------------------------------------------------:

P & O NEDLLOYD, LTD,. COLUMBIA                             :
COASTAL TRANSPORT, LLC., and                               :
MASSACHUSETTS PORT AUTHORITY                               :
                                        Garnishees.        :

----------------------------------------------------------x

### ORDER FOR SPECIAL APPOINTMENT OF PROCESS SERVER

Upon the *ex parte* application of plaintiff, SRVM, Inc., the Court hereby specially

appoints QUICKSERV, INC. of Quincy, Massachusetts pursuant to Rule 4(c) of the

Massachusetts Rules of Civil Procedure to serve process in this action.

Dated at Barnstable, Massachusetts, this 24 day of November, 2004.

_____

Connon , J.

A true copy, Attest:

1st Asst'nt    **Clerk**

# EXHIBIT L

## Commonwealth of Massachusetts
### County of Barnstable
### The Superior Court

CIVIL DOCKET# **BACV2004-00695**

SRVM Inc
vs.
International Commodity Management Inc et al

**Columbia Coastal Reference:**
**Container No. OOLU 602665-3**

## SUMMONS TO TRUSTEE

To the above-named: **COLUMBIA COASTAL TRANSPORT, LLC.**

You are hereby summoned and required to within 20 days after service of this summons upon you, exclusive of the day of service, a disclosure under oath of what goods, effects or credits, if any, of the defendant International Commodity Management Inc, Global Marine Management Inc, Pacific Rim Corporation, Pacific Supreme Seafoods LLC, Boris Alkhazof, Trond Ringstad, Frank Nelson of Bellevue, are in your hands or possession at the time of the service of this summons upon you which may be taken on execution issued upon such judgment, if any, as the plaintiff, SRVM Inc of Chatham, whose attorney is FIELD{<<who_name()>>}, of FIELD{<<who_addr1()>>} FIELD{<<who_addr2()>>} FIELD{<<who_addr3()>>}, FIELD{<<who_addr4()>>} may recover in an action brought against the said defendant in the Superior Court for **Barnstable** County, to the value of $ (the amount authorized). Such goods, effects or credits are hereby attached. If you do not do so, and you will be adjudged trustee as alleged.

The complaint in this case was filed on 11/24/2004. This attachment was approved on 11/24/2004 by Richard F. Connon, Justice, in the amount of $ **155,000.00**

If the credits of the said defendant which are in your hands or possession include wages for personal labor or personal services of said defendant, you are hereby notified that under Massachusetts law an amount not exceeding $125 per week of such wages is exempt from this attachment and your are directed to pay over such exempted amount to said defendant in the same manner and at the same time as each such amount would have been paid if this attachment had not been made. You are further notified that said defendant-employee may have a greater exemption under federal law than is granted under Massachusetts law. See Title III of the Federal Consumer Protection act, 15 U.S.C.A. s. 1673.

If the said credits include a pension payable to said defendant which is not otherwise exempted by law from attachment, you are hereby notified that an amount not exceeding $100 for each week which has elapsed since the last preceding payment under such pension was payable to said defendant, and $100 per week thereafter, are exempt from this attachment and your are directed to pay over such exempted amounts to said defendant in the same manner and at the same time as each such amount would have been paid if this attachment had not been made.

If you are a trust company, savings bank, cooperation bank, credit union, national banking association, or any other banking institution doing business in the Commonwealth, and if the credits of the said defendant in your hands include an account or accounts in the name of any natural person, you are hereby notified that pursuant to Massachusetts General Laws, c. 246, s. 28A, $500 owned by the said defendant (if a natural person) are exempt from this attachment (a joint account to be treated for this purpose as if each depositor owned one-half of the amount thereof). No business, trust or organization shall be entitled to this exemption, and no natural person shall be entitled to more than a $500 exemption at any one time.

Witness, **Barbara J. Rouse**, Esquire, Chief Justice of the Superior Court, at Barnstable, Massachusetts this ___24'l November_____ , 2004.

.................................................................
Clerk Magistrate

## (AFFIX RETURN OF SERVICE ON BACK OF SUMMONS)¹

---

This summons is issued pursuant to Rule 4.2 of the Massachusetts Rules of civil Procedure.

# EXHIBIT M

# Commonwealth of Massachusetts
## County of Barnstable
## The Superior Court

CIVIL DOCKET# BACV2004-00695

SRVM Inc
vs.
International Commodity Management Inc et al

**Massport Reference:
Container No. OOLU 602665-3
Delivered to Conley Terminal
by Columbia Coastal Transport
on November 30, 2004.**

## SUMMONS TO TRUSTEE

To the above-named: **MASSACHUSETTS PORT AUTHORITY**
You are hereby summoned and required to within 20 days after service of this summons upon you, exclusive of the day of service, a disclosure under oath of what goods, effects or credits, if any, of the defendant International Commodity Management Inc, Global Marine Management Inc, Pacific Rim Corporation, Pacific Supreme Seafoods LLC, Boris Alkhazof, Trond Ringstad, Frank Nelson of Bellevue, are in your hands or possession at the time of the service of this summons upon you which may be taken on execution issued upon such judgment, if any, as the plaintiff, SRVM Inc of  Chatham, whose attorney is **Norman A Peloquin II, Esquire**, of **460 County Street Morad Building New Bedford, MA 02740-5107,**  may recover in an action brought against the said defendant in the Superior Court for **Barnstable** County, to the value of $  (the amount authorized). Such goods, effects or credits are hereby attached. If you do not do so, and you will be adjudged trustee as alleged.
The complaint in this case was filed on 11/24/2004. This attachment was approved on 11/24/2004  by Richard F. Connon, Justice, in the amount of **$ 155,000.00**
If the credits of the said defendant which are in your hands or possession include wages for personal labor or personal services of said defendant, you are hereby notified that under Massachusetts law an amount not exceeding $125 per week of such wages is exempt from this attachment and your are directed to pay over such exempted amount to said defendant in the same manner and at the same time as each such amount would . have been paid if this attachment had not been made. You are further notified that said defendant-employee may have a greater exemption under federal law than is granted under Massachusetts law. See Title III of the Federal Consumer Protection act, 15 U.S.C.A. s. 1673.
If the said credits include a pension payable to said defendant which is not otherwise exempted by law from attachment, you are hereby notified that an amount not exceeding $100 for each week which has elapsed since the last preceding payment under such pension was payable to said defendant, and $100 per week thereafter, are exempt from this attachment and your are directed to pay over such exempted amounts to said defendant in the same manner and at the same time as each such amount would have been paid if this attachment had not been made.
If you are a trust company, savings bank, cooperation bank, credit union, national banking association, or any other banking institution doing business in the Commonwealth, and if the credits of the said defendant in your hands include an account or accounts in the name of any natural person, you are hereby notified that pursuant to Massachusetts General Laws, c. 246, s. 28A, $500 owned by the said defendant (if a natural person) are exempt from this attachment (a joint account to be treated for this purpose as if each depositor owned one-half of the amount thereof). No business, trust or organization shall be entitled to this exemption, and no natural person shall be entitled to more than a $500 exemption at any one time.
**Witness, Barbara J. Rouse,** Esquire, Chief Justice of the Superior Court, at
Barnstable, Massachusetts this _____ **24 th   November** _____ , 200_.

........................................................
Clerk Magistrate

### (AFFIX RETURN OF SERVICE ON BACK OF SUMMONS)'

This summons is issued pursuant to Rule 4.2 of the Massachusetts Rules of civil Procedure.

# EXHIBIT N

# Commonwealth of Massachusetts
## County of Barnstable
### The Superior Court

CIVIL DOCKET# **BACV2004-00695**

SRVM Inc
vs.
International Commodity Management Inc et al

## SUMMONS TO TRUSTEE

To the above-named: **P & O NEDLLYOD, LTD.**

You are hereby summoned and required to within 20 days after service of this summons upon you, exclusive of the day of service, a disclosure under oath of what goods, effects or credits, if any, of the defendant International Commodity Management Inc, Global Marine Management Inc, Pacific Rim Corporation, Pacific Supreme Seafoods LLC, Boris Alkhazof, Trond Ringstad, Frank Nelson of Bellevue, are in your hands or possession at the time of the service of this summons upon you which may be taken on execution issued upon such judgment, if any, as the plaintiff, SRVM Inc of Chatham, whose attorney is Norman A Peloquin II, **Esquire**, of **460 County Street Morad Building New Bedford, MA 02740-5107,** may recover in an action brought against the said defendant in the Superior Court for **Barnstable** County, to the value of $ (the amount authorized). Such goods, effects or credits are hereby attached. If you do not do so, and you will be adjudged trustee as alleged.

The complaint in this case was filed on 11/24/2004. This attachment was approved on 11/24/2004 by Richard F. Connon, Justice, in the amount of **$ 155,000.00**

If the credits of the said defendant which are in your hands or possession include wages for personal labor or personal services of said defendant, you are hereby notified that under Massachusetts law an amount not exceeding $125 per week of such wages is exempt from this attachment and your are directed to pay over such exempted amount to said defendant in the same manner and at the same time as each such amount would have been paid if this attachment had not been made. You are further notified that said defendant-employee may have a greater exemption under federal law than is granted under Massachusetts law. See Title III of the Federal Consumer Protection act, 15 U.S.C.A. s. 1673.

If the said credits include a pension payable to said defendant which is not otherwise exempted by law from attachment, you are hereby notified that an amount not exceeding $100 for each week which has elapsed since the last preceding payment under such pension was payable to said defendant, and $100 per week thereafter, are exempt from this attachment and your are directed to pay over such exempted amounts to said defendant in the same manner and at the same time as each such amount would have been paid if this attachment had not been made.

If you are a trust company, savings bank, cooperation bank, credit union, national banking association, or any other banking institution doing business in the Commonwealth, and if the credits of the said defendant in your hands include an account or accounts in the name of any natural person, you are hereby notified that pursuant to Massachusetts General Laws, c. 246, s. 28A, $500 owned by the said defendant (if a natural person) are exempt from this attachment (a joint account to be treated for this purpose as if each depositor owned one-half of the amount thereof). No business, trust or organization shall be entitled to this exemption, and no natural person shall be entitled to more than a $500 exemption at any one time.

**Witness, Barbara J. Rouse,** Esquire, Chief Justice of the Superior Court, at Barnstable, Massachusetts this _____, 2004.

*Scott W. Nickerson*

....................................................................
Clerk Magistrate

**(AFFIX RETURN OF SERVICE ON BACK OF SUMMONS)**[1]

_____

This summons is issued pursuant to Rule 4.2 of the Massachusetts Rules of civil Procedure.

✎JS 44 (Rev. 3/99)                    **CIVIL COVER SHEET**

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
SRVM, Inc.

**DEFENDANTS** International Commodity Management Inc., Global Marine Management, Inc., Pacific Rim Corporation and Pacific Supreme Seafoods, LLC

**(b)** County of Residence of First Listed Plaintiff  25001
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed  88888
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

04 CV 12575 NMG

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Philip N. Beauregard, Esq., 32 William Street
New Bedford, MA 02740, BBO #034870
Norman A. Peloquin, II, Morad Building, 460
County Street, New Bedford, MA 02470-5107
BBO #550872  508 999 0533

Attorneys (If Known) Bertram E. Snyder, BBO #471320, Wesley S. Chused, BBO #083520, Patrick O. McAleer, BBO #642627, Looney & Grossman LLP, 101 Arch Street, Boston, MA 02110 Tel: (617) 951-2800

**II. BASIS OF JURISDICTION**   (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff
☐ 2  U.S. Government Defendant
☐ 3  Federal Question (U.S. Government Not a Party)
☒ 4  Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PLF | DEF | | PLF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT**    (Place an "X" in One Box Only)

**CONTRACT**
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☒ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability

**TORTS**
PERSONAL INJURY
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury

PERSONAL INJURY
☐ 362 Personal Injury— Med. Malpractice
☐ 365 Personal Injury — Product Liability
☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**FORFEITURE/PENALTY**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC
☐ 630 Liquor Laws
☐ 640 R.R. & Truck
☐ 650 Airline Regs.
☐ 660 Occupational Safety/Health
☐ 690 Other

**LABOR**
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 730 Labor/Mgmt. Reporting & Disclosure Act
☐ 740 Railway Labor Act
☐ 790 Other Labor Litigation
☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**SOCIAL SECURITY**
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 895 Freedom of Information Act
☐ 900 Appeal of Fee Determination Under Equal Access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions

**REAL PROPERTY**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**CIVIL RIGHTS**
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/ Accommodations
☐ 444 Welfare
☐ 440 Other Civil Rights

**PRISONER PETITIONS**
☐ 510 Motions to Vacate Sentence
Habeas Corpus:
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**V. ORIGIN**    (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**    (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Action for interference with contractual relations; civil conspiracy.

**VII. REQUESTED IN COMPLAINT:**  ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $ over $75,000    CHECK YES only if demanded in complaint: JURY DEMAND: ☒ Yes  ☐ No

**VIII. RELATED CASE(S) IF ANY**    (See instructions):    JUDGE _____    DOCKET NUMBER _____

DATE  December 8, 2004

SIGNATURE OF ATTORNEY OF RECORD  *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) __SRVM, Inc. v. International Commodity Management, Inc.__

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET.  (SEE LOCAL RULE 40.1(A)(1)).

    __    I.     160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

    __    II.     195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,     *Also complete AO 120 or AO 121
                 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.     for patent, trademark or copyright  cases

    _X_    III.     110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
                 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
                 380, 385, 450, 891.

    __    IV.     220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
                 690, 810, 861-865, 870, 871, 875, 900.

    __    V.     150, 152, 153.

**04 CV 12575 NMG**

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)).  IF MORE THAN ONE PRIOR RELATED CASE HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.

    N/A

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?

                                   ~~YES~~X          NO

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST?   (SEE 28 USC §2403)

                                   ~~YES~~X          NO

    IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?

                                   YES          NO

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC §2284?

                                   ~~YES~~X          NO

7. DO ALL OF THE PARTIES  IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHUSETTS RESIDE IN THE SAME DIVISION? - (SEE LOCAL RULE 40.1(D)).

                                   YES          ~~NO~~X

    A.     IF YES, IN WHICH DIVISION DO ALL OF THE NON-GOVERNMENTAL PARTIES RESIDE?

           EASTERN DIVISION          ~~CENTRAL DIVISION~~          ~~WESTERN DIVISION~~

    B.     IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING GOVERNMENTAL AGENCIES, RESIDING IN MASSACHUSETTS RESIDE?

           EASTERN DIVISION          CENTRAL DIVISION          WESTERN DIVISION

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __Wesley S. Chused__

ADDRESS __Looney & Grossman LLP, 101 Arch St., Boston, MA 02110__

TELEPHONE NO. __(617) 951-2800__

(Cover sheet local.wpd - 11/27/00)