**Commonwealth of Massachusetts**
**BARNSTABLE SUPERIOR COURT**
**Case Summary**
**Civil Docket**

# BACV2004-00695
## SRVM Inc v International Commodity Management Inc et al

| | | | | | |
|---|---|---|---|---|---|
| **File Date** | 11/24/2004 | **Status** | Disposed: transferred to other court (dtrans) | | |
| **Status Date** | 12/20/2004 | **Session** | A - Civil A- Barnstable Superior Court | | |
| **Origin** | 1 | **Case Type** | B99 - Misc tort | | |
| **Lead Case** | | **Track** | F | | |

| | | | | | |
|---|---|---|---|---|---|
| **Service** | 02/22/2005 | **Answer** | 04/23/2005 | **Rule12/19/20** | 04/23/2005 |
| **Rule 15** | 04/23/2005 | **Discovery** | 09/20/2005 | **Rule 56** | 12/20/2005 |
| **Final PTC** | 03/19/2006 | **Disposition** | 04/19/2006 | **Jury Trial** | Yes |

## PARTIES

**Plaintiff**
SRVM Inc
PO Box 397
Chatham, MA 02633
Active 11/24/2004

**Private Counsel 550872**
Norman A Peloquin II
460 County Street
Morad Building
New Bedford, MA 02740-5107
Phone: 508-991-2300
Fax: 508-991-8300
Active 11/24/2004 Notify

**Defendant**
International Commodity Management Inc
1200 112th Avenue Avenue NE
C#220
Bellevue, WA 98004
Service pending 11/24/2004

**Defendant**
Global Marine Management Inc
1200 122th Avenue NE
#C220
Bellevue, WA 98004
Service pending 11/24/2004

**Defendant**
Pacific Rim Corporation
1200 112th Avenue NE
#C220
Bellevue, WA 98004
Service pending 11/24/2004

MAS-20040909
birelyka

Case 1:04-cv-12575-NMG    Document 5    Filed 12/28/2004    Page 2 of 5

Commonwealth of Massachusetts
BARNSTABLE SUPERIOR COURT
Case Summary
Civil Docket

12/21/2004
04:16 PM

## BACV2004-00695
## SRVM Inc v International Commodity Management Inc et al

| | |
|---|---|
| **Defendant**<br>Pacific Supreme Seafoods LLC<br>1900 W Nickerson Street<br>Suite 203<br>Bainbridge Island, WA 98110<br>Service pending 11/24/2004 | **Private Counsel 083520**<br>Wesley S Chused<br>Looney & Grossman<br>101 Arch Street<br>Boston, MA 02110<br>Phone: 617-951-2800<br>Fax: 617-951-2819<br>Active 12/15/2004 Notify |
| | **Private Counsel 471320**<br>Bertram E Snyder<br>Looney & Grossman<br>101 Arch Street<br>Boston, MA 02110<br>Phone: 617-951-2800<br>Fax: 617-951-2819<br>Active 12/21/2004 Notify |
| | **Private Counsel 642627**<br>Patrick O McAleer<br>Monahan & Associates<br>113 Union Wharf East<br>Boston, MA 02109<br>Phone: 617-227-1500<br>Fax: 617-227-6700<br>Active 12/21/2004 Notify |
| **Defendant**<br>Boris  Alkhazof<br>Service pending 11/24/2004 | |
| **Defendant**<br>Trond  Ringstad<br>Service pending 11/24/2004 | **Private Counsel 083520**<br>Wesley S Chused<br>Looney & Grossman<br>101 Arch Street<br>Boston, MA 02110<br>Phone: 617-951-2800<br>Fax: 617-951-2819<br>Active 12/21/2004 Notify |

MAS-20040909
birelyka

Case 1:04-cv-12575-NMG    Document 5    Filed 12/28/2004    Page 3 of 5

Commonwealth of Massachusetts
BARNSTABLE SUPERIOR COURT
Case Summary
Civil Docket

12/21/2004
04:16 PM

## BACV2004-00695
## SRVM Inc v International Commodity Management Inc et al

**Private Counsel 471320**
Bertram E Snyder
Looney & Grossman
101 Arch Street
Boston, MA 02110
Phone: 617-951-2800
Fax: 617-951-2819
Active 12/21/2004 Notify

**Private Counsel 642627**
Patrick O McAleer
Monahan & Associates
113 Union Wharf East
Boston, MA 02109
Phone: 617-227-1500
Fax: 617-227-6700
Active 12/21/2004 Notify

**Defendant**
Frank  Nelson
Service pending 11/24/2004

**Private Counsel 083520**
Wesley S Chused
Looney & Grossman
101 Arch Street
Boston, MA 02110
Phone: 617-951-2800
Fax: 617-951-2819
Active 12/21/2004 Notify

**Private Counsel 471320**
Bertram E Snyder
Looney & Grossman
101 Arch Street
Boston, MA 02110
Phone: 617-951-2800
Fax: 617-951-2819
Active 12/21/2004 Notify

**Private Counsel 642627**
Patrick O McAleer
Monahan & Associates
113 Union Wharf East
Boston, MA 02109
Phone: 617-227-1500
Fax: 617-227-6700
Active 12/21/2004 Notify

Commonwealth of Massachusetts
BARNSTABLE SUPERIOR COURT
Case Summary
Civil Docket

## BACV2004-00695
## SRVM Inc v International Commodity Management Inc et al

| Trustee<br>Massachusetts Port Authority<br>Active 12/16/2004 | Private Counsel 549295<br>Joseph P Kaigler<br>Massachusetts Port Authority<br>One Harborside Drive<br>Suite 200S<br>Boston, MA 02128<br>Phone: 617-568-3131<br>Fax: 617-568-3161<br>Active 12/21/2004 Notify |
|---|---|

### ENTRIES

| Date | Paper | Text |
|---|---|---|
| 11/24/2004 | 1.0 | COMPLAINT with jury claim & civil action cover sheet filed |
| 11/24/2004 | | Origin 1, Type B99, Track F. |
| 11/24/2004 | 2.0 | APPEARANCE: Atty Norman A Peloquin II for plaintiff |
| 11/24/2004 | 3.0 | MOTION : Plaintiff's ex parte for attachment trustee process |
| 11/24/2004 | 4.0 | MEMORANDUM: Plaintiff of law in support of motion for trustee process attachment, (#3) |
| 11/24/2004 | 5.0 | AFFIDAVIT: Plaintiff's in support motion for trustee process attachment, (#3) |
| 11/24/2004 | 6.0 | MOTION: Plaintiff's for special appointment of process server |
| 11/24/2004 | 7.0 | ORDER for appointment of special process server, Quickserv, Inc. (Richard F. Connon, Justice) (copy to NAP) |
| 11/24/2004 | 8.0 | ORDER authorizing the issuance of process of attachment on trustee process  (Richard F. Connon, Justice)(copy to NAP) |
| 11/24/2004 | 9.0 | FINDINGS and ORDER for Approval of Attachment on Trustee Process in the amount of $155,000.00. ( Richard F. Connon, Justice) |
| 12/10/2004 | 10.0 | Notice of removal to US District Court for the District of Massachusetts |
| 12/16/2004 | 11.0 | ANSWER by trustee: Massachusetts Port Authority |
| 12/20/2004 | | Case REMOVED this date to US District Court of Massachusetts |

### EVENTS

| Date | Session | Event | Result |
|---|---|---|---|
| 12/17/2004 | Civil A- Barnstable Superior Court | Status: administrative<br>called atty - need money to copy case | Event held as scheduled |

# Commonwealth of Massachusetts

BARNSTABLE, ss.

**SUPERIOR COURT**

**No.**    04-695

I, Nancy N. Weir, Assistant Clerk of the Superior Court within and for said County of

Barnstable, having, by law, the custody of the seal and all the records, books, documents and

papers of, or appertaining to said Court, hereby certify that the papers hereto annexed are true

copies of the papers appertaining to said Court, and on file and of record in the Office of said

Court, relating to the case of SRVM, INC. vs. INTERNATIONAL COMMODITY

MANAGEMENT, INC., GLOBAL MARINE MANAGEMENT, INC., PACIFIC RIM

CORPORATION, PACIFIC SUPREME SEAFOODS LLC, BORIS ALKHAZOF, TROND

RINGSTAD, case #04-695

In witness whereof, I have hereunto set my hand and the

seal of said Court, this twenty-second day of December in

the year of our Lord two thousand four.

_Nancy N. Weir_

Assistant Clerk

| CIVIL ACTION COVER SHEET | Trial Court of Massachusetts Superior Court Department |
|---|---|

04-645

County: **Barnstable**

| PLAINTIFF(S)    SRVM, INC. | DEFENDANT(S)    INTERNATIONAL COMMODITY MANAGEMENT, INC., et al. |
|---|---|
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE<br>Philip N. Beauregard, Norman A. Peloquin,<br>32 William St., New Bedford, MA 02740<br>Board of Bar Overseers number: 034780 / 550872 | ATTORNEY (if known)<br><br>**SUPERIOR COURT**<br>**BARNSTABLE SS**<br><br>FILED NOV 2   2004<br>_Scott W. Nile_  **Clerk** |

**Origin code and track designation**

Place an x in one box only:
- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

**TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B99 | Interference with contract | ( F ) | ( X ) Yes    ( ) No |

**The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.**

**TORT CLAIMS**
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . .
2. Total Doctor expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . .
3. Total chiropractic expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . .
4. Total physical therapy expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . .
5. Total other expenses (describe) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . .
Subtotal $. . . . . . . . . . .

B. Documented lost wages and compensation to date . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . .
C. Documented property damages to date . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . .
D. Reasonably anticipated future medical and hospital expenses . . . . . . . . . . . . . . $. . . . . . . . . . .
E. Reasonably anticipated lost wages . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . .
F. Other documented items of damages (describe)

$. . . . . . . . . . .

G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

$. . . . . . . . . . .
TOTAL $. . . . . . . . . . .

**CONTRACT CLAIMS**
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

Loss of contract profit $500,000

TOTAL $. 500,000 . . . . . . . . .

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

**"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."**

Signature of Attorney of Record _____    DATE: 11/24/04

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

COMMONWEALTH OF MASSACHUSETTS

BARNSTABLE, ss.

SUPERIOR COURT
BARNSTABLE SS
FILED NOV 2 . 2004

DEPT. OF THE TRIAL COURT
SUPERIOR COURT ~~~~~~ *Clerk*

---------------------------------------------------------

SRVM, INC.,
        Plaintiff,          :

                       :

v.                               :

                       :

 INTERNATIONAL COMMODITY          :
MANAGEMENT, INC., GLOBAL MARINE     :
MANAGEMENT, INC., PACIFIC RIM       :
CORPORATION, and PACIFIC SUPREME    :
SEAFOODS, LLC,                      :
        Defendants.          :

---------------------------------------------------------:
P & O NEDLLOYD, LTD., COLUMBIA      :
COASTAL TRANSPORT, LLC., and        :
MASSACHUSETTS PORT AUTHORITY,       :
        Trustees.            :

---------------------------------------------------------:

C.A. NO. ~~~~~~~~~~~~
04-645

## **VERIFIED COMPLAINT**

### **NATURE OF THIS ACTION**

       This is an action against certain defendants engaged in the seafood business for wrongful interference with contract and/or advantageous business relations and for civil conspiracy and use of unfair methods of competition in violation of Massachusetts General Laws, Chapter 93A.  This action includes relief against defendants by way of trustee process applied to commodities owned by defendants in the possession and/or control of third parties.

LAW OFFICES OF
BEAUREGARD, BURKE
& FRANCO
32 WILLIAM STREET
NEW BEDFORD, MA 02740

1

## PARTIES

1.    SRVM, Inc. is a Massachusetts corporation, with principal place of business at P.O. Box 397, Chatham, MA 02633.

2.    International Commodity Management, Inc. is a State of Washington corporation, with its principal place of business at 1200 112th Avenue, NE #C-220, Bellevue, WA 98004.

3.    Global Marine Management, Inc. is a State of Washington corporation, with its principal place of business at 1200 112th Avenue, NE #C-220, Bellevue, WA 98004.

4.    Pacific Rim Corporation is a State of Washington corporation, with its principal place of business at 1200 112th Avenue, NE #C-220, Bellevue, WA 98004.

5.    Pacific Supreme Seafoods, LLC is a State of Washington limited liability company, with its principal place of business at 1900 W. Nickerson Street, # 203, Seattle, WA 98119.

6.    Boris Alkhazof is a resident of Washington.

7.    Trond Ringstad is a resident of Washington.

8.    Frank Nelson is a resident of Washington.

## THE TRUSTEE DEFENDANTS

9.    P & O Nedlloyd, Ltd., is a business involved in the common carriage of goods for hire, by water, and is in current possession or control of the product referred to below pursuant to contract of carriage and/or bill of lading.

10.    Columbia Coastal Transport, LLC., is a common carrier of goods for hire and jointly in possession or control of the produce referred to herein.

LAW OFFICES OF
BEAUREGARD, BURKE
& FRANCO
32 WILLIAM STREET
NEW BEDFORD, MA 02740

2

11.    The Massachusetts Port Authority is a body politic that operates the Paul W. Connolly Container freight terminal in South Boston where the product is or will be located.  Said authority is also an agent for the other trustees.

## FACTS COMMON TO ALL COUNTS

12.    SRVM, Inc. is a Massachusetts company that buys, sells, and markets scallops around the world.

13.    SRVM buys most of its scallops from two Russian producers (hereinafter, the "Russian producers") through their agent in Korea (hereinafter, "the Agent").

14.    SRVM has historically had good business relations with the Russian producers.  In every year from the mid-1990's to 2004, SRVM purchased large quantities of the Russian producers' scallops through their Agent, and then marketed and resold them around the world, deriving substantial profits from this business.

15.    Each year, SRVM entered into written agreements with the Russian producers for purchase of their scallops.  Those agreements were executed by SRVM's President Thomas R. Reilly and by the Russian producers' respective designated representatives.

16.    By these agreements with the Russian producers, SRVM was able to purchase its scallops every year on terms favorable to it.  As a result, SRVM was able to make long-term commitments for supply of scallops to its clients and develop advantageous long-term business relations with such clients.

LAW OFFICES OF
BEAUREGARD, BURKE
& FRANCO
32 WILLIAM STREET
NEW BEDFORD, MA 02740

3

17.    Until 2004, the Russian producers honored their contracts with SRVM. As a result, SRVM was able to perform its contacts with its clients, thereby developing significant good will and a favorable reputation with its clients.

18.    In 2004, SRVM entered into a written agreement with the Russian producers, through their Agent, for purchase of the Russian producers' entire scallop production for the year 2004, which at the time was estimated to be approximately 300 metric tons (MT), more or less. The 2004 arrangement and contract were to begin in January 2004 and continue beyond the first of the year 2005, which is standard practice in the scalloping industry.

19.    On the basis of its 2004 agreement with the Russian producers, SRVM entered into agreements with third party customers around the world, requiring SRVM to supply its clients in 2004 and the beginning of 2005.

20.    From January 2004 to present, the Russian producers have sold approximately 100 MT of scallops to SRVM under the parties' agreement, which has resulted in $ 100,000 profit to SRVM.

21.    In early September 2004, the Agent informed SRVM's President that one of the Russian producers had made a decision to not sell its remaining scallop production for 2004 to SRVM.

22.    Since then, the second Russian producer, the majority of which shares is owned by the same individuals who own the first producer, has made a similar decision to not sell its remaining scallop production for the year 2004 to SRVM.

23.    Scallops produced by the Russian producers comprise approximately 85 – 90 % of all scallops purchased by SRVM.

LAW OFFICES OF
BEAUREGARD, BURKE
& FRANCO
32 WILLIAM STREET
NEW BEDFORD, MA 02740

4

24.    As a result of the Russian producers' unjustified repudiation of their contract, SRVM stands to lose 85 – 90 % of its projected scallops' supply for the remainder of this year; and it is now at risk of not being able to fulfill its obligations to its customers and defaulting on contracts with its clients.

25.    The remaining scallop production by the Russian producers for the rest of 2004 is estimated at 250 MT – 300 MT. With the existing favorable market conditions, SRVM's estimated lost profits from being unable to resell the Russian producers' scallops to its clients are $ 400,000 – $ 500,000.

26.    The most recent shipment of scallops by the Russian producers to Pusan, Korea, was made in September 2004. The Russian producers refused to sell their scallops to SRVM, and 56 MT of their scallops went into cold storage. On information and belief, those scallops are now in Pusan.

27.    The next shipment of the Russian producers' scallops to Korea is expected by the end of October 2004. On information and belief, the quantity of scallops in the next shipment is 70 MT.

### The Facts On West Coast Parties' Interference

28.    On information and belief, the Russian producers repudiated their contract with SRVM in order to sell their scallops to another buyer in the United States: defendant Boris Alkhazof.

29.    Boris Alkhazof owns several businesses in Bellevue, Washington, dealing in seafood products, including: International Commodity Management, Inc. (hereinafter, "ICM"), Global Marine Management, Inc. (hereinafter, "GMM"), and Pacific Rim

5

Corporation (herein-after, "PRC") (hereinafter collectively referred to as "Mr. Alkhazof's companies").

30.     Mr. Alkhazof has been involved in international seafood trade for over 16 years.  He knows the Russian producers and has had dealings with them in the past.

31.     Through earlier business dealings with the Russian producers, Mr. Alkhazof became indebted to the Russian producers and/or their owners in the amount of approximately $ 600,000, which monies he continues to owe.

32.     On information and belief, Mr. Alkhazof unlawfully contacted the Russian producers in the winter or spring of 2004, requesting that they sell their scallops to him through one or more of his companies.

33.     As an incentive to make this deal, Mr. Alkhazof promised the Russian producers to repay his $ 600,000 debt to them in incremental payments, connected to each shipment of the Russian producers' scallops, with the entire debt to be repaid by the end of 2005 if they sold their 2004 and 2005 scallop production to him.

34.     At the time he contacted the Russian producers, Mr. Alkhazof knew that the Russian producers had an exclusive agreement for their scallops with SRVM.

35.     The Russian producers have now repudiated their 2004 contract with SRVM.

36.     On information and belief, Mr. Alkhazof has contacted several seafood brokers for the purpose of reselling the Russian producers' scallops to them and has requested advance payments for the scallops, including defendants Trond Ringstad and Frank Nelson.

6

37. Mr. Ringstad is the Vice-President for Sales in North America for a Norwegian / Chinese company Royal Supreme Seafood, which operates in the United States as defendant Pacific Supreme Seafoods, LLC.

38. Mr. Nelson is a seafood broker, who works for Mr. Ringstad at Pacific Supreme. Before his employment at Pacific Supreme, Mr. Nelson worked as a seafood broker with Mr. Alkhazof.

39. On information and belief, Mr. Alkhazof contacted Mr. Nelson and Mr. Ringstad soon after negotiating his deal with the Russian producers and offered to sell their scallops to Pacific Supreme.

40. At the time Mr. Alkhazof contacted them, both Mr. Nelson and Mr. Ringstad knew that the scallops offered by Mr. Alkhazof would come from the Russian producers which had an exclusive agreement for those scallops with SRVM.

41. On information and belief, Mr. Nelson and Mr. Ringstad agreed to purchase the Russian producers' scallops from Mr. Alkhazof through Pacific Supreme. They subsequently contacted several seafood companies in the United States for the purpose of making contracts to resell the scallops to them.

42. On information and belief, the Russian producers' 56 MT of scallops stored in Pusan, Korea, have been sold to Mr. Alkhazof, who has since resold them to Pacific Supreme. Those scallops are being prepared to be shipped within days.

43. All named defendants maintain business contacts and do substantial business in the Commonwealth of Massachusetts.

44. In the last few years, Mr. Alkhazof, acting through ICM, sold seafood products to Mr. Reilly in Massachusetts in the amount of several million U.S. dollars.

LAW OFFICES OF
BEAUREGARD, BURKE
& FRANCO
32 WILLIAM STREET
NEW BEDFORD, MA 02740

7

45.    Mr. Alkhazof and his companies also conduct business with other companies in Massachusetts.    Mr. Alkhazof has conducted business with Seatrade International Co., Inc., a New Hampshire company registered to do business in Massachusetts.  Mr. Alkhazof has also sold large quantities of fish to M.I.S.B., Inc., a Massachusetts corporation.

46.    On information and belief, Mr. Nelson and Mr. Ringstad recently contacted several Massachusetts seafood companies for the purpose of soliciting them to buy scallops from Pacific Supreme (the same scallops that they purchased from Mr. Alkhazof), including: Eastern Fisheries, Inc., Northern Wind, Inc., and Mar-Lees Seafood.

47.    All individual defendants have had a continuous presence at the annual Boston International Seafood Show, seeking new business connections in the industry.

## COUNT I

### WRONGFUL INTERFERENCE WITH ADVANTAGEOUS CONTRACTUAL RELATIONS

48.    Plaintiff repeats and realleges paragraphs 1 through 48 as if set forth herein.

49.    Plaintiff had an exclusive contract with the Russian producers for purchase of the Russian producers' entire scallop production for the year 2004.

50.    Defendants had knowledge that plaintiff had an exclusive agreement with the Russian producers.

51.    Defendants, with the improper motive of securing for themselves the fruits of advantageous contractual relations with the Russian producers, induced the Russian producers to break their contract with plaintiff.

LAW OFFICES OF
BEAUREGARD, BURKE
& FRANCO
32 WILLIAM STREET
NEW BEDFORD, MA 02740

8

52.    As a result of defendants' conduct, plaintiff has suffered and continues to suffer damages in an amount to be proven at trial, but in no event less than $ 75,000.

## COUNT II

### CIVIL CONSPIRACY TO WRONGFULLY INTERFERE WITH ADVANTAGEOUS CONTRACTUAL RELATIONS

53.    Plaintiff repeats and realleges paragraphs 1 through 53 as if set forth herein.

54.    Plaintiff had an exclusive contract with the Russian producers for purchase of the Russian producers' entire scallop production for the year 2004.

55.    Defendants had knowledge that plaintiff had an exclusive agreement with the Russian producers.

56.    Defendants engaged in a common plan to induce the Russian producers to break their exclusivity contract with plaintiff, in violation of their contractual duty to plaintiff.

57.    Defendants knew of the plan and its purpose of inducing the Russian producers to break their contract with plaintiff.

58.    Defendants took affirmative steps to encourage the achievement of the result of their common plan.

59.    As a result of defendants' conduct, plaintiff has suffered and continues to suffer damages in an amount to be proven at trial, but in no event less than $ 75,000.

**COUNT III**

**UNFAIR METHODS OF COMPETITION IN VIOLATION OF
MASSACHUSETTS GENERAL LAWS, CHAPTER 93A**

60.    Plaintiff repeats and realleges paragraphs 1 through 60 as if set forth herein.

61.    Plaintiff had an exclusive contract with the Russian producers for purchase of the Russian producers' entire scallop production for the year 2004.

62.    Defendants had knowledge that plaintiff had an exclusive agreement with the Russian producers.

63.    Defendants engaged in a common plan to induce the Russian producers to break their exclusivity contract with plaintiff, with the improper motive of securing for themselves the fruits of advantageous contractual relations with the Russian producers.

64.    Defendants took affirmative steps to encourage the achievement of the result of their common plan.

65.    At all times relevant, plaintiff and defendants were engaged in conduct of trade or commerce.

66.    Defendants acted unfairly and/or deceptively in inducing the Russian producers to break their exclusivity agreement with plaintiff.

67.    Defendants' acts were willful and knowing.

68.    Defendants' acts constituted an unfair method of competition, in violation of M.G.L. c. 93A, §§ 2 and 11.

69.    Defendants' acts have caused and continue to cause plaintiff to suffer substantial financial damages in an amount to be proven at trial, but in no event less than $ 75,000.

LAW OFFICES OF
BEAUREGARD, BURKE
& FRANCO
32 WILLIAM STREET
NEW BEDFORD, MA 02740

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, plaintiff demands a trial by jury of all isues so triable.

**WHEREFORE**, Plaintiff requests the following relief:

1. Judgment for SRVM, Inc. against defendants on all counts of this complaint;

2. Compensatory and consequential damages on all counts;

3. Multiple damages, pursuant to M.G.L. c. 93A;

4. Litigation costs and attorney's fees;

5. Interest; and

6. Such other relief as the Court may deem just and proper.

7. Remedies Related to Trustee Defendants:

### Trustee Process

WHEREFORE, plaintiff also prays that this Honorable Court adjudge as follows:

(i) That process in due form of law according to the rules and practices of this Honorable Court issue against the defendants, citing it to appear and answer under oath to each and all of the matters aforesaid;

(ii) That process in due form of law issue pursuant to the provisions of Chapter 246 of the Massachusetts General Laws and Mass. R. Civ. P. 4.2, and that all of defendants' property be attached by process of attachment on trustee process to the amount set forth in this Verified Complaint, together with interest, attorneys' fees and disbursements of plaintiff;

LAW OFFICES OF
BEAUREGARD, BURKE
& FRANCO
32 WILLIAM STREET
NEW BEDFORD, MA 02740

(iii)   That this Honorable Court enter an order, judgment, and decree in favor of plaintiff against the defendants for the amount of plaintiff's damages asserted herein, together with interest, costs, attorneys' fees and disbursements of plaintiff;

(iv)   That the property of the defendants be condemned and sold to pay the demands stated above, with interest, costs, attorneys' fees and disbursements of plaintiff; and

(v)    That plaintiff have such other relief as to this Honorable Court and justice may deem just, proper, and appropriate under the circumstances of these premises.

Respectfully Submitted,
Plaintiff, SRVM, INC.,
By Its Attorneys,
BEAUREGARD, BURKE & FRANCO

PHILIP N. BEAUREGARD, BBO # 034870
TIMOUR ZOUBAIDOULLINE, BBO # 656212
32 William Street, New Bedford, MA 02740
Tel. No.: 508-993-0333

NORMAN A. PELOQUIN, II, P.C.

NORMAN A. PELOQUIN, II, BBO# 550872
Morad Building, 460 County Street
New Bedford, MA 02740-5107
Tel. No.: 508 991-2300
Fax No.: 508 991-8300

Dated: November 24, 2004

## VERIFICATION OF COMPLAINT

SRVM, by Thomas Reilly, being duly sworn, hereby state and affirm as follows:

I have read the foregoing Complaint and I swear that all facts recited therein are true, of my own personal knowledge.    As to conclusions and statements made on information and belief, I believe that all such statements are true.

SIGNED, under the pains and penalties of perjury this 24th day of November, 2004.

SRVM
By: Thomas Reilly, President/Owner

COMMONWEALTH OF MASSACHUSETTS

SUPERIOR COURT
BARNSTABLE SS
FILED NOV 2 ... 200..
Scott L. Nick... Clerk

BARNSTABLE, ss.

DEPT. OF THE TRIAL COURT
SUPERIOR COURT

-----------------------------------------------------------x

SRVM, INC.,

        Plaintiff,

v.

INTERNATIONAL COMMODITY
MANAGEMENT, INC., GLOBAL MARINE
MANAGEMENT, INC.; PACIFIC RIM
CORPORATION, and PACIFIC SUPREME
SEAFOODS, LLC,

        Defendants.

-------------------------------------------------------- :

P & O NEDLLOYD, LTD,. COLUMBIA
COASTAL TRANSPORT, LLC., and
MASSACHUSETTS PORT AUTHORITY,

        Trustees.

-----------------------------------------------------------x

CIVIL ACTION NO. 04-645

## NOTICE OF ENTRY OF APPEARANCE

TO THE CLERK OF THE ABOVE-CAPTIONED COURT:

    Please enter the appearance of the undersigned as counsel for plaintiff, SRVM,

Inc., in the above-captioned action.

Dated: November 24, 2004

Respectfully submitted,
SRVM, INC.
By its attorneys,

NORMAN A. PELOQUIN, II P.C.

By: _____

Norman A. Peloquin, II
(BBO No.550872)
Morad Building, 460 County Street
New Bedford, MA 02740-5107
Tel. 508-991-2300
Fax 508-991-8300

LAW OFFICES OF
BEAUREGARD, BURKE
& FRANCO
32 WILLIAM STREET
NEW BEDFORD, MA 02740

COMMONWEALTH OF MASSACHUSETTS

BARNSTABLE, ss.

SUPERIOR COURT
BARNSTABLE SS

FILED NOV 2 2004

DEPT. OF THE TRIAL COURT
SUPERIOR COURT

③

------------------------------------------------------------x
SRVM, INC.,                                    :
                           Plaintiff,          :
                                               :
v.                                             :     CIVIL ACTION NO. 04-645
                                               :
INTERNATIONAL COMMODITY                        :
MANAGEMENT, INC., GLOBAL MARINE                :
MANAGEMENT, INC.; PACIFIC RIM                  :
CORPORATION, and PACIFIC SUPREME               :
SEAFOODS, LLC,                                 :
                           Defendants.         :
------------------------------------------------------------ :
P & O NEDLLOYD, LTD., COLUMBIA                 :
COASTAL TRANSPORT, LLC., and                   :
MASSACHUSETTS PORT AUTHORITY,                  :
                           Trustees.           :
------------------------------------------------------------x

### EX PARTE MOTION FOR ATTACHMENT ON TRUSTEE PROCESS

NOW COMES plaintiff, SRVM, Inc., by and through its attorneys, and

pursuant to the provisions of Chapter 246 of the Massachusetts General Laws and Rule

4.2 of the Massachusetts Rules of Civil Procedure,  hereby moves this Honorable

Court, *ex parte,* for an order authorizing the issuance of process of attachment on

trustee process in the amount of $155,000.00 of the goods, effects or credits owned by

defendants, International Commodity Management, Inc., Global Marine Management,

Inc., Pacific Rim Corporation, and/or Pacific Supreme Seafoods, LLC, in the hands or

possession of the trustees, P & O Nedlloyd, Ltd., and/or its agents, Columbia Coastal

Transport, LLC  and Massachusetts Port Authority.

As grounds therefor, plaintiff states the following reasons:

LAW OFFICES OF
BEAUREGARD, BURKE
& FRANCO
32 WILLIAM STREET
NEW BEDFORD, MA 02740

1.  Plaintiff has filed, together with this *ex parte* motion, the Verified
    Complaintwhich includes claims against the said defendants with a prayer for
    process to attach defendants' property.

2.  Upon information and belief, defendants are Washington state business entities
    that are not registered as foreign corporations with the Secretary of State of the
    Commonwealth of Massachusetts.  Upon information and belief, the said
    defendant do not have offices within Massachusetts; however, at least one of
    the defendants has property within this state, to wit, a certain quantity of
    palletized frozen scallops (56 metric tons), formerly laden on board the ocean
    carrier PROVIDENCE BAY and now within the possession of the trustees, P
    & O Nedlloyd, Ltd., and/or its agents Columbia Coastal Transport, LLC  and
    Massachusetts Port Authority at the Paul W. Conley Container Terminal in
    South Boston.

3.  Based upon the allegations contained in the Verified Complaintand
    accompanying affidavit of Thomas R. Reilly, there is a reasonable likelihood
    that plaintiff will recover judgment against the said defendants, including
    interest and costs, in an amount equal to or greater than the amount of the
    requested attachment on trustee process over and above any liability insurance
    known or reasonably believed to be available to satisfy the judgment.

4.  Based upon the allegations contained in the Verified Complaintand
    accompanying affidavit of Thomas R. Reilly, one or more of the said

LAW OFFICES OF
BEAUREGARD, BURKE
& FRANCO
32 WILLIAM STREET
NEW BEDFORD, MA 02740

-2-

defendants may not be subject to the personal jurisdiction of this Court, and/or there is a clear danger that one or more of the said defendants, if notified in advance of the attachment on trustee process, will withdraw the goods, effects or credits from the hands and possession of the trustees and remove them from the state, or otherwise conceal them, or will dissipate, damage or destroy them.

5.    By reason of the foregoing, plaintiff respectfully submits that it has satisfied the requirements for the issuance of process of attachment on trustee process, and is therefore entitled to an order approving the motion and directing the Clerk of the Court to issue the said process of attachment.

WHEREFORE, plaintiff, SRVM, Inc., respectfully requests that the relief prayed for herein be granted, and an order enter directing the Clerk of this Court to issue process for the attachment on trustee process in the amount of $155,000 of the goods, effects or credits owned by defendants, International Commodity Management, Inc., Global Marine Management, Inc., Pacific Rim Corporation, and/or Pacific Supreme Seafoods, LLC, in the hands or possession of the trustees, P & O Nedlloyd, Ltd., and/or its agents Columbia Coastal Transport, LLC  and Massachusetts Port Authority, to secure any judgment or decree plaintiff may obtain in this action, together with interest and costs.

Plaintiff submits a proposed order and writ of process of attachment on trustee process for the Court's consideration.

LAW OFFICES OF
BEAUREGARD, BURKE
& FRANCO
32 WILLIAM STREET
NEW BEDFORD, MA 02740

-3-

Dated: November 24, 2004

Respectfully submitted,

SRVM, INC.
By its attorneys,

BEAUREGARD, BURKE & FRANCO

By:

Philip N. Beauregard (BBO No. 034870)
Timor Zoubaidoulline (BBO No.656212)
32 William Street
New Bedford, MA 02740
Tel. 508-993-0333
Fax 508-990-2002

- and -

NORMAN A. PELOQUIN, II P.C.

By:

Norman A. Peloquin, II
(BBO No. 550872)
Morad Building, 460 County Street
New Bedford, MA 02740-5107
Tel. 508-991-2300
Fax 508-991-8300

LAW OFFICES OF
BEAUREGARD, BURKE
& FRANCO
32 WILLIAM STREET
NEW BEDFORD, MA 02740

COMMONWEALTH OF MASSACHUSETTS

SUPERIOR COURT
BARNSTABLE SS
FILED  NOV 2 _ 2004

BARNSTABLE, ss.

DEPT. OF THE TRIAL COURT
SUPERIOR COURT _____  *Clerk*

-----------------------------------------------------------x
SRVM, INC.,
                        Plaintiff,       :

                                    :

v.                                 :       CIVIL ACTION NO. 04-645

                                    :

INTERNATIONAL COMMODITY
MANAGEMENT, INC., GLOBAL MARINE
MANAGEMENT, INC.; PACIFIC RIM
CORPORATION, and PACIFIC SUPREME
SEAFOODS, LLC,
                     Defendants.      :

-----------------------------------------------------------:
P & O NEDLLOYD, LTD., COLUMBIA
COASTAL TRANSPORT, LLC., and
MASSACHUSETTS PORT AUTHORITY,
                      Trustees.        :

-----------------------------------------------------------x

## MEMORANDUM OF LAW IN SUPPORT OF
## EX PARTE MOTION FOR ATTACHMENT ON TRUSTEE PROCESS

NOW COMES plaintiff, SRVM, Inc. (hereinafter referred to as "SRVM"), and

by and through its attorneys, hereby submits this memorandum of law in further

support of its *ex parte* request for an order authorizing the issuance of process of

attachment on trustee process of the goods, effects or credits owned by defendants,

International Commodity Management, Inc. (hereinafter referred to as "ICM"), Global

Marine Management, Inc. (hereinafter referred to as "GMM"), Pacific Rim

Corporation (hereinafter referred to as "PRC"), and/or Pacific Supreme Seafoods, LLC

(hereinafter referred to as "PSS"), in the hands or possession of one of the trustees,

P&O Nedlloyd, Ltd., and/or its agents, Columbia Coastal Transport, LLC or

Massachusetts Port Authority, to the amount requested herein.

LAW OFFICES OF
BEAUREGARD, BURKE
& FRANCO
32 WILLIAM STREET
NEW BEDFORD, MA 02740

I.    Statement of the Facts/Procedural Posture of the Case

On November 24, 2004, SRVM commenced the above-captioned action against defendants by filing the Complaint herein.  Plaintiff alleges, in pertinent part, tort claims for interference with contractual and/or advantageous relationships with SRVM's suppliers.  Plaintiff seeks damages against defendants for lost profits together with interest and costs.

To secure the money judgment that SRVM expects to obtain against defendants, plaintiff requests the issuance of a writ of attachment on trustee process against defendants' property pursuant to the provisions of Chapter 246 of the Massachusetts General Laws and Rule 4.2 of the Massachusetts Rules of Civil Procedure.  Upon information and belief, at least one of the defendants, Pacific Supreme Seafoods, LLC, has property within the state, to wit, a certain quantity of palletized frozen scallops (56 metric tons), formerly laden on board the ocean carrier PROVIDENCE BAY, and is now, or will be, within the possession of one or more of the trustees at the Paul W. Conley Container Terminal in South Boston.  Had plaintiff purchased this quantity of scallops under its contract at issue in this matter, it would have realized a net profit of $155,000, as nearly as can now be estimated, based upon the market value of the scallops.

II.    Legal Standard

Attachment on trustee process is a prejudgment remedy available to a litigant suing for money damages and used to encumber a defendant's property during the pendency of a lawsuit to secure any potential judgment.  The procedure for attachment on trustee process is governed by Chapter 246 of the Massachusetts General Laws and

LAW OFFICES OF
BEAUREGARD, BURKE
& FRANCO
32 WILLIAM STREET
NEW BEDFORD, MA 02740

-2-

Rule 4.2 of the Massachusetts Rules of Civil Procedure.

The provisions of Chapter 246 of the General Laws authorizes the prejudgment attachment on trustee process of a defendant's property. M.G.L. c. 246, §1. Section 20 provides as follows:

> **§20. Effect of attachment.** The goods, effects or credits of the defendant intrusted to, or deposited in the hands or possession of, a person summoned as his trustee shall, except as hereinafter provided, be attached and held to respond to the final judgment, as if they had been attached upon an original writ of attachment; ....

M.G.L. c. 246, §20. Rule 4.2 of the Massachusetts Rules of Civil Procedure codifies the procedural rules of state-law attachment on trustee process. Rule 4.2(a) provides, in pertinent part, as follows:

> **(a) Availability of Trustee Process.** Subsequent to the commencement of any personal action under these rules, ... trustee process may be used, in the manner and to the extent provided by law, but subject to the requirements of this rule, to secure satisfaction of the judgment for damages and costs which the plaintiff may recover, ....

Mass. R. Civ. P. 4.2(a). Thus, an action in which attachment of property is sought through trustee process may be commenced by filing a complaint and motion for approval of the attachment on trustee process. Mass. R. Civ. P. 4.2(c). The motion must be supported by affidavit(s). *Id.* Except as provided in subdivision (g) of Rule 4.2, the motion and affidavit, with notice of hearing thereon, shall be served upon defendant in the manner provided by Rule 4, at the same time the summons and complaint are served. *Id.*

The conditions for issuance of a trustee summons are set forth in Rule 4.2(c) as follows:

**(c) Same: Service.**

\*        \*        \*

No trustee summons may be served unless attachment on trustee process for a specified amount has ed unless such attachment for a specified amount has been  approved by order of the court.  Except as provided in subdivision (g) of this rule [*ex parte* hearing], the order of approval may be entered only after notice to the defendant and hearing and *upon a finding by the court that there is a reasonable likelihood that the plaintiff will recover judgment, including interest and costs, in an amount equal to or greater than the amount of the trustee process over and above any liability insurance shown by the defendant to be available to satisfy the judgment.*

Mass. R. Civ. P. 4.2(c) (*Emphasis added.*).  In addition to the above, an order

approving trustee process may be entered *ex parte* upon further findings by the court

that "either (i) the person of the defendant is not subject to the [personal] jurisdiction

of the court in the action, or (ii) there is a clear danger that the defendant if notified in

advance of the attachment on trustee process will withdraw the goods or credits from

the hands and possession of the trustee and remove them from the state or will conceal

them, or (iii) there is immediate danger that the defendant will dissipate the credits, or

damage or destroy the goods to be attached on trustee process."  Mass. R. Civ. P.

4.2(g).

III.    Legal Argument

Because there is no evidence of liability insurance, the central question on

SRVM's request for attachment on trustee process is whether plaintiff, as the moving

party, has satisfied the burden of proving that "there is a reasonable likelihood that the

plaintiff will recover judgment, including interest and costs, in an amount equal to or

greater than the amount of the trustee process over and above any liability insurance

-4-

shown by the defendant to be available to satisfy the judgment." Mass. R. Civ. P.

4.2(c). Although the Supreme Judicial Court of Massachusetts has not yet had an

occasion to interpret the phrase "reasonable likelihood," the United States District

Court, Garrity, J., has opined that "the central question on the motion for approval of

attachment [under Mass. R. Civ. P. 4.1] is whether plaintiffs are likely to prevail on

the merits and obtain damages in the necessary amount." Anderson Foreign Motors,

Inc. v. New England Toyota Distributors, Inc., 475 F. Supp. 973, 978 (D. Mass. 1979).

    In the case at bar, it is undisputed that SRVM entered into a supply contract

with its Russian producers to purchase a minimum quantity of 300 metric tons of

frozen scallop meat through the end of calendar year 2004. It is also uncontroverted

that SRVM has only purchased approximately 100 metric tons to date. From

correspondence and personal conversations between Mr. Reilly of SRVM and

defendants' principal officers, Messrs. Alkhazof and Ringstad, it is clear that

defendants knew of the existence of plaintiff's supply contract when they agreed to

enter into their respective sales transactions. Because the scallops purchased from the

Russian producers comprise approximately 85-90% of all scallops purchased by

SRVM this year, defendants' interference with SRVM's supply contract preclude

plaintiff's re-sale of the product with the requisite lost profits. SRVM has therefore

demonstrated a probability of success on the merits and a reasonable likelihood of

recovering a judgment against defendants.

-5-

With respect to amount of the attachment on trustee process, there is no statutory guidance within Chapter 246. Section 42A of Chapter 223, which deals with attachment practice under Mass. R. Civ. P. 4.1, protects a defendant by limiting the attachment to "the amount of the claim and such additional amount as is reasonably necessary to include interest thereon and costs likely to be taxed in the action." M.G.L. c. 223, §42A.

In the instant case, the underlying claim for interference is based upon plaintiff's claim of lost profits. As set forth in the Affidavit of Mr. Reilly, SRVM will incur damages estimated at $400,000 - $500,000. SRVM is unaware of the existence of an off-setting counterclaim or affirmative defense which defendants may rely upon to defeat plaintiff's request for security. Upon information and belief, there is no liability insurance that is available to satisfy SRVM's claim. Plaintiff's tort claims are not exempt under M.G.L. c. 246, §1, and plaintiff has otherwise complied with the statutory bonding requirement. *Id.*

IV.    Conclusion

Based upon the foregoing, SRVM has satisfied the requirements of Chapter 246 of the Massachusetts General Laws and Rule 4.2 of the Massachusetts Rules of Civil Procedure, and is therefore entitled to the attachment on trustee process of defendant's property in the requested amount of One Hundred Fifty-five Thousand and 00/100 Dollars ($155,000).

Dated: November 24, 2004          Respectfully submitted,

                                  SRVM, INC.
                                  By its attorneys,

                                  BEAUREGARD, BURKE & FRANCO

By:                               _____
                                  Philip N. Beauregard (BBO No. 034870)
                                  Timor Zoubaidoulline (BBO No.656212)
                                  32 William Street
                                  New Bedford, MA 02740
                                  Tel.  508-993-0333
                                  Fax  508-990-2002
                                              - and -

                                  NORMAN A. PELOQUIN, II P.C.

By:                               _____
                                  Norman A. Peloquin, II
                                  (BBO No. 550872)
                                  Morad Building, 460 County Street
                                  New Bedford, MA 02740-5107
                                  Tel. 508-991-2300
                                  Fax 508-991-8300

COMMONWEALTH OF MASSACHUSETTS

SUPERIOR COURT
BARNSTABLE SS

FILED NOV 2 4 2004

~~~~ h. ~~~~ Clerk

BARNSTABLE, ss.

DEPT. OF THE TRIAL COURT,
SUPERIOR COURT



------------------------------------------------------x
SRVM, INC.,                               :
                            Plaintiff,    :
                                          :
                                          :
v.                                        :          CIVIL ACTION NO. 04-645
                                          :
INTERNATIONAL COMMODITY                   :
MANAGEMENT, INC., GLOBAL MARINE           :
MANAGEMENT, INC.; PACIFIC RIM             :
CORPORATION, and PACIFIC SUPREME          :
SEAFOODS, LLC,                            :
                            Defendants.   :
---------------------------------------------------------:
P & O NEDLLOYD, LTD., COLUMBIA            :
COASTAL TRANSPORT, LLC., and              :
MASSACHUSETTS PORT AUTHORITY,             :
                            Trustees.     :
------------------------------------------------------x

## AFFIDAVIT IN SUPPORT OF EX PARTE MOTION
## FOR ATTACHMENT ON TRUSTEE PROCESS

Thomas R. Reilly certifies under penalty of perjury as follows:

1.     I am Thomas R. Reilly, President of SRVM, Inc., plaintiff in the above-

captioned action (hereinafter referred to as "SRVM").

2.     I have read the foregoing *Ex Parte* Motion for Attachment on Trustee Process,

and know the contents thereof, and the same are true to my knowledge, except

as to those matters stated to be alleged upon information and belief, and as to

those matters, I believe them to be true.  The source of my information are the

business records and documents of plaintiff, as well as my own involvement

and efforts described herein.

LAW OFFICES OF
BEAUREGARD, BURKE
& FRANCO
32 WILLIAM STREET
NEW BEDFORD, MA 02740

3.    SRVM is a Massachusetts company that buys, sells and markets scallops worldwide.

4.    In 2004, SRVM entered into a supply contract with certain Russian producers by and through their agent, Dong Hwa Frozen Foods Co., Ltd. of Gangwon-Do, Korea (hereinafter referred to as "Agent"), whereby plaintiff agreed to purchase 300 metric tons of frozen Russian scallop meat (hereinafter referred to as "Product") through the end of calendar year 2004.  A true copy of the parties' written agreement is attached hereto and marked as "Exhibit A" (hereinafter referred to as "Agreement").

5.    Pursuant to the said Agreement, if the total quantity of the Product exceeded 300 metric tons, then SRVM had a first right of refusal to purchase those scallops at prices set forth in the contract.

6.    In reliance upon the said Agreement, SRVM entered into various contracts with third party customers.

7.    To date, SRVM has purchased a total quantity of approximately 100 metric tons of Product.

8.    Mr. Boris Alkhazof, who owns several businesses in Bellevue, Washington, including defendants, International Commodity Management, Inc. (hereinafter referred to as "ICM"), Global Marine Management, Inc. (hereinafter referred to as "GMM"), and Pacific Rim Corporation (hereinafter referred to as "PRC"), told me that he contacted SRVM's Russian suppliers sometime in the Spring of

LAW OFFICES OF
BEAUREGARD, BURKE
& FRANCO
32 WILLIAM STREET
NEW BEDFORD, MA 02740

-2-

2004 and requested that they sell their scallops to him through one or more of his companies.

9.    Upon information and belief, Mr. Alkhazof knew of the existence of SRVM's supply contract with the Russian producers.

10.    In September of 2004, the Korean Agent informed me that the Russian producers had made a decision to breach their Agreement by not selling the balance of their  scallop production for calendar year 2004 to SRVM.

11.    Upon information and belief, the Russian producers, by and through their Korean Agent, have now sold at least 56 metric tons of scallops to one of the defendants, ICM, GMM or PRC.

12.    Upon information and belief, ICM, GMM and PRC are corporations organized and existing under the laws of State of Washington, with principal places of business located in Bellevue, Washington.  None of these corporations are registered as foreign corporation with the Secretary of State for the Commonwealth of Massachusetts.

13.    Upon information and belief, ICM, GMM or PRC has re-sold this product to defendant, Pacific Supreme Seafoods, LLC (hereinafter referred to as "PSS"), a Washington corporation with its principal place of business located in the Seattle, Washington area.  PSS is not registered as foreign corporation with the Massachusetts Secretary of State's office.

14. The said defendants have knowledge of SRVM's existing supply contract with the said Russian producers. Specifically, I traveled to Washington and met with Mr. Alkhazof, and the principal of PSS, Mr. Trond Ringstad, on October 29, 2004, at which time I discussed, among other things, the existence and terms of SRVM's supply contract.

15. Notwithstanding my conversations with Messrs. Alkhazof and Ringstad, the said defendants have interfered with SRVM's supply contract by buying the 56 metric tons of scallops, 17 metric tons of which are currently enroute by ocean carrier from the Port of Busan, Korea to Boston, Massachusetts.

16. Upon information and belief, defendant PSS has attempted to re-sell the scallops directly to several local firms.

17. Upon information and belief, the quantity of the remaining scallop production from SRVM's Russian producers this year is between 250-300 metric tons.

18. Upon information and belief, the said defendants have also interfered with SRVM's supply contract by agreeing to buy an additional 70 metric tons of scallops from plaintiff's Russian producers.

19. The scallops purchased from the Russian producers under the Agreement comprise approximately 85-90% of all scallops purchased by SRVM this year. As a result of the defendants' interference with SRVM's supply contract, plaintiff will lose profits of $400,000-500,000.00 this year, as nearly as can now be estimated, by its inability to re-sell product to its customers.

LAW OFFICES OF
BEAUREGARD, BURKE
& FRANCO
32 WILLIAM STREET
NEW BEDFORD, MA 02740

20. Based upon the market value of the scallops, SRVM will to lose a net profit of $155,000, as nearly as can now be estimated, on the 56 metric tons.

-4-

21.  I neither know of, nor have reason to believe of, the existence of any liability
     insurance that will be available to satisfy any judgment which may enter
     against defendants in this action.

     I certify under the penalty of perjury that the foregoing is true and correct on
this 24th day of November, 2004.

                                        _____
                                        Thomas R. Reilly, President
                                        SRVM, Inc.
                                        845 Sandwich Road
                                        Sagamore, MA 02561

COMMONWEALTH OF MASSACHUSETTS

SUPERIOR COURT
BARNSTABLE SS

FILED  NOV 2 4 2004

DEPT. OF THE TRIAL COURT
SUPERIOR COURT    *sgd* Clerk

BARNSTABLE, ss.

---------------------------------------------------------x
SRVM, INC.,
                  Plaintiff,        :

                          :

v.                         :       CIVIL ACTION NO. 04-655

                          :

INTERNATIONAL COMMODITY    :
MANAGEMENT, INC., GLOBAL MARINE  :
MANAGEMENT, INC.; PACIFIC RIM    :
CORPORATION, and PACIFIC SUPREME  :
SEAFOODS, LLC,               :
               Defendants.    :
--------------------------------------------------------- :
P & O NEDLLOYD, LTD,. COLUMBIA   :
COASTAL TRANSPORT, LLC., and     :
MASSACHUSETTS PORT AUTHORITY,  :
               Trustees.     :
---------------------------------------------------------x

## EX PARTE MOTION FOR SPECIAL APPOINTMENT OF PROCESS SERVER

NOW COMES plaintiff, SRVM, Inc., by and through its attorneys, and

pursuant to the provisions of Rule 4(c) of the Massachusetts Rules of Civil Procedure,

hereby moves this Honorable Court, *ex parte,* for an order appointing QUICKSERV,

INC. of Quincy, Massachusetts to serve process in this action.

As grounds therefor, plaintiff states that the proposed process server has no

interest in this action and that prompt service of process in this action will be

facilitated by such appointment.

LAW OFFICES OF
BEAUREGARD, BURKE
& FRANCO
32 WILLIAM STREET
NEW BEDFORD, MA 02740

WHEREFORE, plaintiff, SRVM, Inc., respectfully requests that this Honorable Court appoint QUICKSERV, INC. to serve process in this action.

Plaintiff attaches a proposed order for the Court's consideration.

Dated: November 24, 2004

Respectfully submitted,

SRVM, INC.
By its attorneys,

BEAUREGARD, BURKE & FRANCO

By: _____

Philip N. Beauregard (BBO No. 034870)
Timor Zoubaidoulline (BBO No. 656212)
32 William Street
New Bedford, MA 02740
Tel.  508-993-0333
Fax  508-990-2002

- and -

NORMAN A. PELOQUIN, II P.C.

By: _____

Norman A. Peloquin, II
(BBO No. 50872)
Morad Building, 460 County Street
New Bedford, MA 02740-5107
Tel. 508-991-2300
Fax 508-991-8300

COMMONWEALTH OF MASSACHUSETTS

BARNSTABLE, ss.                                    DEPT. OF THE TRIAL COURT
                                                   SUPERIOR COURT

--------------------------------------------------x
SRVM, INC.,                                :
                       Plaintiff,          :
                                           :
v.                                         :       CIVIL ACTION NO. 04-645   (7)
                                           :
INTERNATIONAL COMMODITY                    :
MANAGEMENT, INC., GLOBAL MARINE            :
MANAGEMENT, INC.; PACIFIC RIM              :
CORPORATION, and PACIFIC SUPREME           :
SEAFOODS, LLC,                             :
                       Defendants.         :
--------------------------------------------------:
P & O NEDLLOYD, LTD,. COLUMBIA             :
COASTAL TRANSPORT, LLC., and               :
MASSACHUSETTS PORT AUTHORITY               :
                       Garnishees.         :
--------------------------------------------------x

## ORDER FOR SPECIAL APPOINTMENT OF PROCESS SERVER

Upon the *ex parte* application of plaintiff, SRVM, Inc., the Court hereby specially

appoints QUICKSERV, INC. of Quincy, Massachusetts pursuant to Rule 4(c) of the

Massachusetts Rules of Civil Procedure to serve process in this action.

Dated at Barnstable, Massachusetts, this 24 day of November, 2004.

                                    _____
                                    Connon        , J.

COMMONWEALTH OF MASSACHUSETTS

BARNSTABLE, ss.

DEPT. OF THE TRIAL COURT
SUPERIOR COURT

```
--------------------------------------------------------------x
SRVM, INC.,                              :
                    Plaintiff,           :
                                         :
v.                                       :        CIVIL ACTION NO.  04-645
                                         :
INTERNATIONAL COMMODITY                  :
MANAGEMENT, INC., GLOBAL MARINE          :
MANAGEMENT, INC.; PACIFIC RIM            :
CORPORATION, and PACIFIC SUPREME         :
SEAFOODS, LLC,                           :
                    Defendants.          :
---------------------------------------------------------- :
P & O NEDLLOYD, LTD,. COLUMBIA           :
COASTAL TRANSPORT, LLC., and             :
MASSACHUSETTS PORT AUTHORITY             :
                    Garnishees.          :
--------------------------------------------------------------x
```

## ORDER AUTHORIZING THE ISSUANCE
## OF PROCESS OF ATTACHMENT ON TRUSTEE PROCESS

This Court, having reviewed the Verified Complaint and supporting papers filed by

plaintiff, SRVM, Inc., in the above-captioned action, has determined hat the conditions for

attachment on trustee process of defendant's property exist pursuant to Chapter 246 of the

Massachusetts General Laws and Rule 4.2 of the Massachusetts Rules of Civil Procedure.

Accordingly, it is hereby,

ORDERED, that the Clerk of Court shall issue forthwith process for attachment on

trustee process for the attachment of the goods, effects or credits owned by defendants,

International Commodity Management, Inc., Global Marine Management, Inc., Pacific Rim

Corporation, and/or Pacific Supreme Seafoods, LLC, in the hands or possession of the trustees,

P & O Nedlloyd, Ltd., and/or its agents, Columbia Coastal Transport, LLC and Massachusetts Port Authority, directing the Sheriff of any county in the Commonwealth, or any other person duly authorized by law, to proceed with all deliberate speed and attach the said property located in the Commonwealth of Massachusetts, to the value of One Hundred Fifty-Five Thousand and 00/100 Dollars ($155,000), the amount authorized herein; and it is further

ORDERED, that any person claiming an interest in said property attached pursuant to this Order shall, upon application to this Court and notice to plaintiff or its attorney, be entitled to a prompt hearing at which time plaintiff shall be required to show why the attachment on trustee process should not be vacated or other relief granted; and it is further

ORDERED, that, a copy of this Order be attached and served with said process of attachment on trustee process; and it is further

ORDERED, that, pursuant to Rule 4(c) of the Massachusetts Rules of Civil Procedure, the said process of attachment may be served by any person who is not a party and who is at least 18 years of age.

Dated at Barnstable, Massachusetts, this 24th day of November, 2004.

CONNON , J.

-2-

# Commonwealth of Massachusetts

BARNSTABLE, ss.

**SUPERIOR COURT**
No. 04-655

### SRVM, INC.

vs.

### INTERNATIONAL COMMODITY MANAGEMENT, INC.
### et al

## FINDINGS AND EX PARTE ORDER OF APPROVAL OF ATTACHMENT ON TRUSTEE PROCESS



      This cause came on to be heard upon an ex parte motion for an order of approval of attachment on trustee process, and thereupon, upon consideration thereof, the Court hereby finds that:

1. There is a reasonable likelihood that the plaintiff will recover judgment, including interest and costs, in an amount equal to or greater than the amount of the trustee process over and above any liability insurance known or reasonably believed to be available, and that either

2. The person of the defendant is not subject to the jurisdiction of the court in the action,* or

3. There is a clear danger that the defendant that the defendant if notified in advance of the attachment on trustee process will withdraw the goods, effects or credits from the hands and possession of the trustee and remove them from the Commonwealth or will conceal them,* or

4. There is immediate danger that the defendant will dissipate the credits, or damage or destroy the goods or effects to be attached on trustee process.*

      Therefore, the court hereby approves attachment on trustee process in the amount of

$ _155,000_   **One hundred fifty-five thousand dollars——————00/100**
      subject to all applicable exemptions and limitations provided by law

Entered: **November 24, 2004**

          Justice of the Superior Court

Note: * Strike out findings not applicable.





UNITED STATES DISTRICT COURT
FOR THE CLERKS OFFICE
DISTRICT OF MASSACHUSETTS

**COPY**

2004 DEC -9 P 2: 59

U.S. DISTRICT COURT
DISTRICT OF MASS.

SUPERIOR COURT
BARNSTABLE SS
FILED    DEC 1 0 2004
Scott W. Nickerson Clerk

|  |  |
|---|---|
| SRVM. INC., | ) |
| *Plaintiff,* | ) |
|  | ) |
| v. | ) |
|  | ) |
| INTERNATIONAL COMMODITY | ) |
| MANAGEMENT, INC., GLOBAL MARINE | ) |
| MANAGEMENT, INC., PACIFIC RIM | ) |
| CORPORATION and PACIFIC SUPREME | ) |
| SEAFOODS, LLC, | ) |
|  | ) |
| *Defendants.* | ) |
|  | ) |
| P & O NEDLLOYD, LTD., COLUMBIA | ) |
| COASTAL TRANSPORT, LLC., and | ) |
| MASSACHUSETTS PORT AUTHORITY, | ) |
|  | ) |
| *Trustees.* | ) |
|  | ) |

CIVIL ACTION
NO.



**04** CV **12575** NMG

## <u>NOTICE OF REMOVAL</u>

**TO:**   The Honorable Judges of the United States District Court for the District of
Massachusetts:

1.      The Petitioners, Pacific Supreme Seafoods, LLC ("Pacific Supreme"), Trond

Ringstad ("Ringstad") and Frank Nelson ("Nelson"), respectfully show, upon information and

belief, that they are three of the defendants in the above-entitled civil action brought by the

Plaintiff, SRVM, Inc. ("SRVM"), in the Barnstable Superior Court Department, Barnstable

County, Massachusetts, Civil Action No. BACV 2004-00695 (the "Civil Action").

2.      On or about November 24, 2004, the Civil Action was commenced in the

aforesaid Barnstable Superior Court Department, as shown in the Barnstable Superior Court's

"Generally, therefore, courts look to the 'real parties in interest' to determine whose citizenship will be considered for the purposes of diversity. *Id. See also, Wilsey v. Eddingfield,* 780 F. 2d, 614, 615 (7th Cir. 1985) ("[T]he citizenship of the real party in interest in determinative in deciding whether the district court has diversity jurisdiction"). Here, none of the three trustee defendants is a real party in interest or has any stake in the outcome of this litigation. Hence, the citizenship of NedLloyd, Columbia and Massport should be disregarded for purposes of Petitioners' invocation of diversity jurisdiction in removing the Civil Action to this Court.

7.    <u>Venue.</u> Petitioners desire to remove this action to the District Court of the United States for the district in which the action is now pending, to wit, to the District of Massachusetts (Eastern Section). 28 U.S.C. § 1446(a).

8.    After the filing of this Notice of Removal of this action to the United States District Court for the District of Massachusetts, (a) written notice of the filing of this Notice will be given to the attorneys for the Plaintiff as provided by law, (b) a certified copy of this notice will be filed with the Clerk of the Barnstable Superior Court, Barnstable County, Massachusetts, and (c) certified copies of all pleading on file in said Barnstable Superior Court Department, Civil Action No. BACV 2004-00695 will be filed with this Court.

9.    Petitioners have good and sufficient defenses to the Plaintiff's claims in this action.

10.    No previous application for the relief sought herein has been made to this or any other Court.

WHEREFORE, Petitioners Pacific Supreme Seafoods, LLC, Trond Ringstad and Frank Nelson pray that this action be removed from the Barnstable Superior Court Department,

Barnstable County, Massachusetts to the United States District Court for the District of

Massachusetts.

PACIFIC SUPEME SEAFOODS, LLC,
TROND RINGSTAD and
FRANK NELSON,

By their attorneys,

December 8, 2004

Bertram E. Snyder, BBO #471320
Wesley S. Chused, BBO #083520
Patrick O. McAleer, BBO #642627
LOONEY & GROSSMAN LLP
101 Arch Street
Boston, MA 02110
(617) 951-2800

## CERTIFICATE OF SERVICE

I hereby certify that on December 8, 2004, I served a copy of the foregoing pleading upon all parties hereto electronically, via facsimile or by mailing copies thereof, via first-class mail, postage prepaid, properly addressed to:

Philip N. Beauregard, Esq.
32 William Street
New Bedford, MA 02740

Norman A. Peloquin, II, Esq.
Morad Building
460 County Street
New Bedford, MA 02740-5107

Wesley S. Chused

COMMONWEALTH OF MASSACHUSETTS

BARNSTABLE, ss.                                    SUPERIOR COURT DEPT.

|  |  |
|---|---|
| SRVM, INC., <br><br>     *Plaintiff,* <br><br> v. <br><br> INTERNATIONAL COMMODITY <br> MANAGEMENT, INC., GLOBAL MARINE <br> MANAGEMENT, INC., PACIFIC RIM <br> CORPORATION and PACIFIC SUPREME <br> SEAFOODS, LLC <br><br>     *Defendants.* | CIVIL ACTION <br> NO. BACV2004-006955 |
| P & O NEDLLOYD, LTD., COLUMBIA <br> COASTAL TRANSPORT, LLC. and <br> MASSACHUSETTS PORT AUTHORITY, <br><br>     *Trustees.* | |

## NOTICE OF FILING NOTICE OF REMOVAL
## PURSUANT TO 28 U.S.C. § 1446(d)

**TO:**  (1) Clerk of Court, Barnstable Superior Court Department, 3195 Main Street, Barnstable, MA 02630 and (2) SRVM, Inc. and Philip N. Beauregard, Esq., 32 William Street, New Bedford, MA 02740 and Norman A. Peloquin, II, Esq., Morad Building, 460 County Street, New Bedford, MA 02740-5107, its attorneys:

Please take notice that a Notice of Removal, removing the within action, Civil Action No.

BACV 2004-00695, from Barnstable Superior Court Department, Barnstable County,

Massachusetts to the United States District Court for the District of Massachusetts, a certified

copy of which is attached hereto, was duly filed in the Office of the Clerk of the United States

District Court for the District of Massachusetts on December 8, 2004 and assigned Civil Action

No. 04-12575-NMG.

PACIFIC SUPREME SEAFOODS, LLC,
TROND RINGSTAD and
FRANK NELSON,

By their attorneys,

December 8, 2004

Bertram E. Snyder, BBO #471320
Wesley S. Chused, BBO #083520
Patrick O. McAleer, BBO #642627
LOONEY & GROSSMAN LLP
101 Arch Street
Boston, MA 02110
(617) 951-2800

## CERTIFICATE OF SERVICE

I hereby certify that on December 8, 2004, I served a copy of the foregoing pleading upon all parties hereto electronically, via facsimile or by mailing copies thereof, via first-class mail, postage prepaid, properly addressed to:

Philip N. Beauregard, Esq.
32 William Street
New Bedford, MA 02740

Norman A. Peloquin, II, Esq
Morad Building
460 County Street
New Bedford, MA 02740-5107

International Commodity Management, Inc.
1200 112th Avenue, NE #C-220
Bellevue, WA 98004

Global Marine Management, Inc.
1200 112th Avenue, NE #C-220
Bellevue, WA 98004

Pacific Rim Corporation
1200 112th Avenue, NE #C-220
Bellevue, WA 98004

Wesley S. Chused

2

SUPERIOR COURT
BARNSTABLE SS

FILED   DEC 1 5 2004

_Scott L. Nickerson_   Clerk

## COMMONWEALTH OF MASSACHUSETTS

**BARNSTABLE, ss.**

**SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
Civil Action No. BACV2004-00695**

|  |  |
|---|---|
| SRVM, INC. <br>         Plaintiff <br><br> vs. <br><br> INTERNATIONAL COMMODITY <br> MANAGEMENT, INC., GLOBAL <br> MARINE MANAGEMENT, INC., <br> PACIFIC RIM CORPORATION and <br> PACIFIC SUPREME SEAFOODS, LLC <br>         Defendants <br><br> and <br><br> P&O NEDLLOYD, LTD., COLUMBIA <br> COASTAL TRANSPORT, LLC, and <br> MASSACHUSETTS PORT <br> AUTHORITY <br>         Trustees | **TRUSTEE'S ANSWER** |

Now comes Massachusetts Port Authority, summoned as trustee of defendant, Pacific Supreme Seafoods, LLC, and, in accordance with Mass. R. Civ. P. 4.2(d), makes answer that at the time of the service of the Summons to Trustee on December 1, 2004, it had in its possession goods, effects and/or credits of the said defendant, to wit:  one (1) 40' high-cube refrigerated sea container (No. OOLU 602665-3) which is said to contain 1,600 cases of frozen scallop meats weighing 17,600 kgs.

The undersigned certifies under the pains and penalties of perjury that the foregoing is true and correct on this _13th_ day of December, 2004.

Respectfully submitted,
MASSACHUSETTS PORT AUTHORITY
By its Attorney,

Joseph M. Kaigler, Esquire
B.B.O. #549295
Massachusetts Port Authority
One Harborside Drive - Suite 200S
East Boston, Massachusetts 02128-2909
(617) 568-3142

## CERTIFICATE OF SERVICE

I, Joseph M. Kaigler, hereby certify that on this _14th_ day of December, 2004, I served the foregoing **Trustee's Answer** on counsel of record by mailing a copy first-class mail, postage prepaid to Norman A. Peloquin II, Esquire, 460 County Street, New Bedford, Massachusetts 02740 and Philip N. Beauregard, Esquire, Beauregard, Burke & Franco, 32 William Street, P.O. Box 952, New Bedford, Massachusetts 02740.

Joseph M. Kaigler

- 2 -

MAS-20040909                    Case 1:04-cv-12575-NMG      Document 5-4      Filed 12/28/2004      Page 8 of 11          12/17/2004
birelyka                              Commonwealth of Massachusetts                                                                    12:23 PM
                                              BARNSTABLE SUPERIOR COURT
                                                       Case Summary
                                                       Civil Docket

## BACV2004-00695
## SRVM Inc v International Commodity Management Inc et al

| File Date | 11/24/2004 | Status | Needs review for service (acneserv) |
|---|---|---|---|
| Status Date | 11/24/2004 | Session | A - Civil A- Barnstable Superior Court |
| Origin | 1 | Case Type | B99 - Misc tort |
| Lead Case | | Track | F |

| Service | 02/22/2005 | Answer | 04/23/2005 | Rule12/19/20 | 04/23/2005 |
|---|---|---|---|---|---|
| Rule 15 | 04/23/2005 | Discovery | 09/20/2005 | Rule 56 | 12/20/2005 |
| Final PTC | 03/19/2006 | Disposition | 04/19/2006 | Jury Trial | Yes |

### PARTIES

**Plaintiff**
SRVM Inc
PO Box 397
Chatham, MA 02633
Active 11/24/2004

**Private Counsel 550872**
Norman A Peloquin II
460 County Street
Morad Building
New Bedford, MA 02740-5107
Phone: 508-991-2300
Fax: 508-991-8300
Active 11/24/2004 Notify

**Defendant**
International Commodity Management Inc
1200 112th Avenue Avenue NE
C#220
Bellevue, WA 98004
Service pending 11/24/2004

**Defendant**
Global Marine Management Inc
1200 122th Avenue NE
#C220
Bellevue, WA 98004
Service pending 11/24/2004

**Defendant**
Pacific Rim Corporation
1200 112th Avenue NE
#C220
Bellevue, WA 98004
Service pending 11/24/2004

MAS-20040909

birelyka

Case 1:04-cv-12575-NMG   Document 5-4   Filed 12/28/2004   Page 9 of 11

Commonwealth of Massachusetts

BARNSTABLE SUPERIOR COURT
Case Summary
Civil Docket

12/17/2004
12:23 PM

## BACV2004-00695
### SRVM Inc v International Commodity Management Inc et al

**Defendant**
Pacific Supreme Seafoods LLC
1900 W Nickerson Street
Suite 203
Bainbridge Island, WA 98110
Service pending 11/24/2004

**Private Counsel 083520**
Wesley S Chused
Looney & Grossman
101 Arch Street
Boston, MA 02110
Phone: 617-951-2800
Fax: 617-951-2819
Active 12/15/2004 Notify

**Defendant**
Boris  Alkhazof
Service pending 11/24/2004

**Defendant**
Trond  Ringstad
Service pending 11/24/2004

**Defendant**
Frank  Nelson
Service pending 11/24/2004

**Trustee**
Massachusetts Port Authority
Active 12/16/2004

| | | ENTRIES | |
|---|---|---|---|
| Date | Paper | Text | |
| 11/24/2004 | 1.0 | COMPLAINT with jury claim & civil action cover sheet filed | |
| 11/24/2004 | | Origin 1, Type B99, Track F. | |
| 11/24/2004 | 2.0 | APPEARANCE: Atty Norman A Peloquin II for plaintiff | |
| 11/24/2004 | 3.0 | MOTION : Plaintiff's ex parte for attachment trustee process | |
| 11/24/2004 | 4.0 | MEMORANDUM: Plaintiff of law in support of motion for trustee process attachment, (#3) | |

MAS-20040909
birelyka

Case 1:04-cv-12575-NMG    Document 5-4    Filed 12/28/2004    Page 10 of 11

Commonwealth of Massachusetts
BARNSTABLE SUPERIOR COURT
Case Summary
Civil Docket

12/17/2004
12:23 PM

## BACV2004-00695
## SRVM Inc v International Commodity Management Inc et al

| Date | Paper | Text |
|------|-------|------|
| 11/24/2004 | 5.0 | AFFIDAVIT: Plaintiff's in support motion for trustee process attachment, (#3) |
| 11/24/2004 | 6.0 | MOTION: Plaintiff's for special appointment of process server |
| 11/24/2004 | 7.0 | ORDER for appointment of special process server, Quickserv, Inc. (Richard F. Connon, Justice) (copy to NAP) |
| 11/24/2004 | 8.0 | ORDER authorizing the issuance of process of attachment on trustee process  (Richard F. Connon, Justice)(copy to NAP) |
| 11/24/2004 | 9.0 | FINDINGS and ORDER for Approval of Attachment on Trustee Process in the amount of $155,000.00. ( Richard F. Connon, Justice) |
| 12/10/2004 | 10.0 | Notice of removal to US District Court for the District of Massachusetts |
| 12/16/2004 | 11.0 | ANSWER by trustee: Massachusetts Port Authority |

EVENTS

# Commonwealth of Massachusetts
## County of Barnstable
## The Superior Court

CIVIL DOCKET# **BACV2004-00695-A**

RE:   **SRVM v International Commodity Management Inc et al**

TO:Norman A Peloquin II, Esquire
   460 County Street
   Morad Building
   New Bedford, MA 02740-5107

### TRACKING ORDER - F TRACK

     You are hereby notified that this case is on the **fast (F) track** as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

| STAGES OF LITIGATION | DEADLINE |
|---|---|
| Service of process made and return filed with the Court | 02/22/2005 |
| Response to the complaint filed (also see MRCP 12) | 04/23/2005 |
| All motions under MRCP 12, 19, and 20 filed | 04/23/2005 |
| All motions under MRCP 15 filed | 04/23/2005 |
| All discovery requests and depositions completed | 09/20/2005 |
| All motions under MRCP 56 served and heard | 12/20/2005 |
| Final pre-trial conference held and firm trial date set | 03/19/2006 |
| Case disposed | 04/19/2006 |

The final pre-trial deadline is **not the scheduled date of the conference**.  You will be notified of that date at a later time.
**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**
This case is assigned to session **A** sitting in **Civil A at Barnstable Superior Court.**

Dated: 11/24/2004

                                 Scott W. Nickerson
                                 Clerk of the Courts

                                 BY: John S. Dale
                                 First Assistant Clerk

Location: Civil A
Telephone: (508) 375-6684

Disabled individuals who need handicap accommodations should contact the Administrative Office of the Superior Court at (617) 788-8130

Check website as to status of case: http://ma-trialcourts.org/tcic

cvdtracf_2.wpd 414891 trkset bearseli